

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY
THOMAS, III, INDIVIDUALLY, and AS
PARENTS OF DARIUS M. THOMAS,
DECEASED and CANDACE J. THOMAS
and DUDLEY THOMAS, III, AS
ADMINISTRATORS OF THE ESTATE
OF DARIUS M. THOMAS

       **Plaintiffs,**

           **vs.**

PHOEBE PUTNEY HEALTH SYSTEM,
INC., PHOEBE PUTNEY HEALTH
VENTURES, INC., PHOEBE PUTNEY
MEMORIAL HOSPITAL, INC., PHOEBE
PHYSICIAN GROUP, INC., ALBANY
AREA PRIMARY HEALTH CARE, INC.,
AND CHERYL G. TOLLIVER, M.D.

         **Defendants.**

CIVIL ACTION NO.

17SCV80

---

## COMPLAINT FOR WRONGFUL DEATH, PERSONAL INJURIES AND DAMAGES

    **COME NOW** Plaintiffs, Candace J. Thomas and Dudley Thomas, III, Individually and

as Parents of Darius M. Thomas, Deceased, and Candace J. Thomas and Dudley Thomas, III, As

Administrators of the Estate of Darius Thomas, and file their Complaint for Wrongful Death,

Personal Injuries and Damages against Defendants, respectfully showing the Court as follows:

**I.    PARTIES**

    **PLAINTIFFS:**

    1.    Plaintiffs, Candace J. Thomas and Dudley Thomas, III, are the natural parents of

Darius Thomas, deceased, and are residents of Dougherty County, Georgia.

2.      Plaintiffs, Candace J. Thomas and Dudley Thomas, III, are the Administrators of the Estate of Darius Thomas having been issued Letters of Administration by the Probate Court of Dougherty County on February 27, 2017.

**DEFENDANTS:**

3.      Phoebe Putney Health System, Inc. (hereinafter "PPHS") is a professional corporation organized and existing under the laws of the State of Georgia. Its principal place of business is located at 417 W 3rd Avenue, Albany, Dougherty County, Georgia, and it may be served through its registered agent, Dawn G. Benson, 417 West 3rd Avenue, Albany, Dougherty County, Georgia; therefore, Phoebe Putney Health System, Inc. is subject to the jurisdiction and venue of this Court.

4.      At all times relevant to this Complaint, Defendant PPHS, held itself out to the public as a corporation operating hospital facilities in Dougherty County, Georgia, including, and not limited to, Phoebe Putney Memorial Hospital at 417 West 3rd Avenue, Albany, Dougherty County, Georgia, and as providing skilled and competent healthcare professionals, as agents, servants and/or employees, to render competent care and treatment to pediatric patients like Darius Thomas.

5.      At all times mentioned herein, Defendant PPHS was the employer of its hospitalists, nurses and nursing staff. Its hospitalists, nurses and nursing staff were the agents, servants and employees of Defendant PPMH and were acting within the scope and course of said employment at the time that they were caring for Darius Thomas. Defendant PPHS is liable for the negligent acts and omissions of its hospitalists, nurses and nursing staff under the doctrines of respondeat superior, vicarious liability and the laws of agency of the State of Georgia.

2

6.      Phoebe Putney Health Ventures, Inc. (hereinafter "PPHV") is a professional corporation organized and existing under the laws of the State of Georgia.  Its principal place of business is located in, Albany, Dougherty County, Georgia, and it may be served through its registered agent, Dawn G. Benson, 417 West 3rd Avenue, Albany, Dougherty County, Georgia; therefore, Phoebe Putney Health Ventures, Inc. is subject to the jurisdiction and venue of this Court.

7.      At all times relevant to this Complaint, Defendant PPHV held itself out to the public as a corporation engaged in healthcare and related activities in furtherance of the missions and goals of PPHS and PPMH in Albany, Dougherty County, Georgia, and as providing skilled and competent healthcare professionals, as agents, servants and/or employees, to render competent medical care and treatment to pediatric patients like Darius Thomas.

8.      At all times mentioned herein, Defendant PPHV was the employer of its hospitalists,  nurses and nursing staff.  Its hospitalists, nurses and nursing staff were the agents, servants and employees of Defendant PPHV and were acting within the scope and course of said employment at the time that they were caring for Darius Thomas.  Defendant PPHV is liable for the negligent acts and omissions of its hospitalists, nurses and nursing staff under the doctrines of respondeat superior, vicarious liability and the laws of agency of the State of Georgia.

9.      At all times mentioned herein, Phoebe Putney Memorial Hospital, Inc., (hereinafter "PPMH") is and has been a Hospital created under the laws of the State of Georgia, with its principal office and place of business located at 417 West 3rd Avenue, Albany, Dougherty County, Georgia.  Said Defendant is subject to the jurisdiction and venue of this Court. Defendant PPMH held out to the public its hospitalists and nursing staff as competent and

3

knowledgeable to provide medical care and nursing care and treatment to pediatric patients who presented for care and treatment like Darius Thomas.

10.     Defendant PPMH is a domestic corporation, organized and existing under the laws of the State of Georgia, with its principal place of business located at 417 West 3rd Avenue, Albany, Dougherty County, Georgia.  Defendant PPMH is subject to the jurisdiction and venue of this Court, and service may be perfected through its Registered Agent for service, Dawn G. Benson, 417 West 3rd Avenue, Albany, Dougherty County, Georgia.

11.     At all times mentioned herein, Defendant PPMH was the employer of its hospitalists, nurses and nursing staff.  Its hospitalists, nurses and nursing staff were the agents, servants and employees of Defendant PPMH and were acting within the scope and course of said employment at the time that they were caring for Darius Thomas.  Defendant PPMH is liable for the negligent acts and omissions of its hospitalists, nurses and nursing staff under the doctrines of respondeat superior, vicarious liability and the laws of agency of the State of Georgia.

12.     Defendant PPMH is organized for the purpose of operating hospital facilities in Dougherty County, Georgia and at the time in question maintained and still maintains a hospital for the care of the sick and injured, which holds itself out to the public and members of the medical profession as furnishing accommodations where patients can be treated and further holds itself out as being competent, through its agents, employees and servants, in caring for persons who are ill or in circumstances requiring medical treatment normally provided by a competent hospital facility.

13.     Defendant Phoebe Physicians Group, Inc. (hereinafter "PPG") is a professional corporation organized and existing under the laws of the State of Georgia.  Its principal place of business is located at 1390 U.S. Highway 19 South, Leesburg, Lee County, Georgia, and it may

4

be served through its registered agent, Marie Simmons, 1390 U.S. Highway 19 South, Leesburg, Lee County, Georgia. PPG is subject to the jurisdiction and venue of this Court by reason of the facts hereinafter set forth.

14.     At all times mentioned herein, Defendant PPG, held itself out to the public as a corporation providing quality healthcare to the citizens of Dougherty County, Georgia, through medical practices exclusively for the benefit of specific PPHS hospitals, including, but not limited to, Phoebe Putney Memorial Hospital at 417 West 3rd Avenue, Albany, Dougherty County, Georgia, and providing skilled and competent healthcare professionals, as agents, servants and/or employees, to render competent medical care and treatment to pediatric patients like Darius Thomas.

15.     At all times mentioned herein, Defendant PPG was the employer of its pediatric hospitalists. Its pediatric hospitalists were the agents, servants and employees of Defendant PPG and were acting within the scope and course of said employment at the time that they were caring for Darius Thomas. Defendant PPG is liable for the negligent acts and omissions of its pediatric hospitalists under the doctrines of respondeat superior, vicarious liability and the laws of agency of the State of Georgia.

16.     At all times mentioned herein, Defendant Albany Area Primary Health Care, Inc. (hereinafter "AAPHC") is a professional corporation organized and existing under the laws of the State of Georgia. Its principal place of business is located at 204 North Westover Boulevard, Albany, Dougherty County, Georgia, and it may be served through its registered agent, Shelley Spires, 204 North Westover Boulevard, Albany, Dougherty County, Georgia; therefore, Albany Area Primary Health Care, Inc. is subject to the jurisdiction and venue of this Court.

5

17.     At all times mentioned herein, Defendant AAPHC held itself out to the public as a medical practice providing skilled and competent physicians for care and treatment of pediatric patients like Darius Thomas.

18.     At all times mentioned herein, Plaintiffs believe that Defendant Cheryl G. Tolliver, M.D. either worked for or was directly affiliated with Defendant AAPHC in performing services during the relevant admission referenced herein and was acting as an employee, servant and/or agent of Defendant AAPHC and acting within the scope of employment and/or agency for AAPHC.  Defendant AAPHC is liable for the negligent acts and omissions of Defendant Tolliver under the doctrines of respondeat superior, vicarious liability and the laws of agency of the State of Georgia.

19.     At all times mentioned herein, Defendant Cheryl G. Tolliver, M.D. (hereinafter "Tolliver") was a physician duly licensed under the laws of the State of Georgia and holding herself out to the members of the public generally as a skilled and competent physician. Defendant Tolliver is subject to the jurisdiction and venue of this Court by reason of the facts hereinafter set forth.

20.     Defendant Cheryl G. Tolliver, M.D. is a resident of Lowndes County, Valdosta, Georgia and may be personally served by the delivery of a Second Original of the Complaint and Summons by the Lowndes County Sheriff's Department to her at her residence that Plaintiffs believe to be 3600 Bermuda Run Drive, Valdosta, Lowndes County, Georgia or at her practice address that Plaintiffs believe to be 417 West 3rd Avenue, Albany, Dougherty County, Georgia.

21.     At all times mentioned herein, Defendant Tolliver was acting in the scope of her employment as a partner, an employee, agent or servant of Defendants PPMH and/or AAPHC and Defendant Tolliver was acting within the course and scope of her employment and/or

6

agency relationship with Defendants PPMH and/or AAPHC.  Defendant PPMH and/or AAPHC

are liable for the negligent acts and omissions of Defendant Tolliver under the doctrines of

respondeat superior, vicarious liability and the laws of agency of the State of Georgia.

22.     Pursuant to the facts alleged herein and O.C.G.A. §§ 9-10-31, 9-10-91 and 14-2-

510(b)(1), venue and jurisdiction are proper against all Defendants in this Court.

23.     By virtue of the facts alleged herein, Defendants acted in a joint venture, are joint

tortfeasors, and are individually and jointly liable for Plaintiffs' indivisible injuries and damages.

## II.     FACTUAL ALLEGATIONS

24.     On July 28, 2013, Candace Mines (now Candace Thomas), gave birth to a son,

Darius M. Thomas, a full-term, 6 pound 7 ounce baby.

25.     On August 2, 2013, Ms. Mines took Darius to his first well-baby check-up with

his pediatrician, Tania Smith, M.D.  Over the next 20 months, Dr. Smith and/or her practice

provided medical care and treatment to Darius 26 times for regular baby check-ups and minor

illnesses.

26.     On Friday, May 1, 2015 at 3:54 a.m., Ms. Mines took Darius to Phoebe Medical

Center – North Campus (hereinafter "PMC-NC") and informed the Emergency Room

(hereinafter "ER") staff that Darius had a fever that had returned after earlier responding to fever

medicine.  At arrival to the ER, Darius' vital signs were Heart Rate = 180, Respiratory Rate =

24, and Temperature = 105° rectally.

27.     ER physician, Aina Olakunle, M.D., evaluated Darius and prescribed intravenous

fluids (250 ml NS), intravenous antibiotics (Ceftriaxone 700 mg), Acetaminophen 160 mg (by

mouth) and Motrin 160 mg (by mouth) after obtaining diagnostic test results for a complete

7

blood count, sedimentation rate, C-reactive protein, urinalysis, blood culture and a chest X-ray. Darius was discharged from the ER at 6:13 a.m. with a diagnosis of viral syndrome.

28.     On Sunday, May 3, 2015, at 11:09 p.m., Ms. Mines and Mr. Thomas, Darius' father, returned with Darius to the PMC-NC ER.  Darius' parents informed Dr. Olakunle that Darius was breathing hard, had a persistent cough, had a fever, vomited and was weak.  Darius' vital signs at 11:25 p.m. were Heart Rate = 132, Respiratory Rate = 28, Temperature = 98.5° and Oxygen Saturation = 96% on room air (RA).  Dr. Olakunle noted that Darius had prolonged expirations and rales in both lungs.  Dr. Olakunle's interpretation of Darius' chest X-ray was bilateral pneumonia.  Darius' May 4, 2015 2:24 a.m. lab work indicated abnormalities of glucose (177), BUN (20), Cr (0.8) Ca (8.4) neutrophils (8.1) and (60.4%) and a platelet count (1). Darius' vital signs at 2:52 a.m. were Heart Rate = 165, Respiratory Rate = 28, and Oxygen Saturation = 94% on RA.

29.     At 4:40 a.m., Dr. Olakunle ordered for Darius to be transferred to Phoebe Main (PPMH) for the services of pediatrician, Cheryl Tolliver, M.D., with a diagnosis of bilateral pneumonia, fever and thrombocytopenia. At 5:02 a.m., Darius' vital signs were Heart Rate = 177, Respiratory Rate = 28, and Oxygen Saturation = 97% on RA.  Dr. Olakunle prescribed Ceftriaxone 700 mg (IV), and Sodium Chloride 250 cc (IV).

30.     Darius was transferred to PPMH via ambulance at 5:35 a.m.

31.     At 4:35 a.m., Dr. Tolliver wrote admission orders to admit Darius to the pediatric floor with a diagnosis of pneumonia, that his condition was stable, and medication and lab orders which included that the nursing staff should continue pulse oximetry monitoring and should take his vital signs every 4 hours.  Heather Pace, R.N. began noting and entering the orders at 5:47

8

35.     From 8:44 a.m. to 8:50 a.m., Darius underwent a CT Scan of the head for altered mental status. His lab tests showed a significant decreased platelet count of "1". Nurse Barron documented that Darius returned to the pediatric floor from radiology with his family and central transport at 9:05 a.m.

36.     At 9:15 a.m., Nurse Barron noted Darius' PEWS Score remained a "9", that she was unable to obtain a pulse oximetry reading, that she notified Dr. Jennifer Wall (pediatric hospitalist) of Darius' poor perfusion and that Dr. Wall noted a 5 – 10 second seizure when she began her physical assessment on Darius. Nurse Barron carried Darius to the treatment room.

37.     At 9:25 a.m., Nurse Barron documented that monitoring was initiated on Darius, apnea was noted, she began mouth to mouth resuscitation, Dr. Wall noted a heart rate of 70 bpm and PPV (Positive Pressure Ventilation) was started. A cardiac arrest code was called and Darius was given Ativan 1.5 mg. PALS (Pediatric Advanced Life Support) measures were carried out but were unsuccessful. Darius was pronounced dead at 10:35 a.m.

38.     An autopsy was performed at the request of the Dougherty County Coroner, Michael Fowler, on May 5, 2014 by GBI Medical Examiner, Maryanne Gaggney-Kraft, M.D., who noted petechiae on Darius' extremities and thorax, lungs with marked congestion and edema, cerebral edema and pericardial effusion. The death was noted as natural but the cause of death was undetermined.

## III.    CAUSATION AND NEGLIGENCE ALLEGATIONS

48.     Plaintiffs incorporate each of the preceding paragraphs of this Complaint as if fully set forth herein.

10

49.     As a result of the Defendants' individual, joint and collective negligence, Darius Thomas experienced conscious pain and suffering and subsequently died as a result of Defendants' negligence.

50.     Defendants above-named, fell beneath the standard of care in their individual and collective care and treatment of Darius Thomas, in the following, among other, ways:

A.  Cheryl Tolliver, M.D., individually and as an agent, employee, and/or servant of PPHS, PPHV, PPMH, PPG and/or AAPHC, failed to recognize and appreciate the critical nature of Darius Thomas' condition from the information provided to her from the PMC-NC ER staff, failed to examine Darius in a timely manner delaying the exam for over 1 ½ hours after his arrival to PPMH, and failed to take into account and act on Darius Thomas' abnormal lab values, vital signs and physical presentation indicating a need for PICU admission and intensive monitoring.  The failure to examine Darius in a timely manner, appreciate the critical nature of Darius' condition and provide proper and timely medical care to Darius, including PICU admission or transfer to a facility that could provide a higher level of medical care being rendered to Darius Thomas, caused and contributed to Darius Thomas suffering a cardiopulmonary arrest which led to his death.

B.  Stacy Reaves, R.N., as an employee, agent and/or servant of PPHS, PPHV, and/or PPMH failed to notify the on-call pediatrician of Darius Thomas' deteriorating respiratory, cardiac, and mental status condition despite PEWS' scores that indicated a critical condition, failed to advocate for Darius Thomas by requesting that Dr. Tolliver or Dr. Wall examine Darius Thomas when his

11

physical condition indicated he was becoming increasingly compromised and his overall physical appearance deteriorated, failed to advocate for Darius Thomas' admission and/or transfer to a PICU for more specialized care, failed to constantly and consistently monitor Darius Thomas, and failed to document accurate and complete information about the events surrounding Darius Thomas' deterioration on May 4, 2015.  This failure to report Darius Thomas' deterioration, advocate for Darius Thomas, properly monitor Darius Thomas' condition and document accurate information denied proper and timely medical care being rendered to Darius Thomas and caused and contributed to Darius Thomas suffering a cardiopulmonary arrest which led to his death.

C.  Regina Barron, R.N., as an employee, agent and/or servant of PPHS, PPHV, and/or PPMH failed to notify the on-call pediatrician of Darius Thomas' deteriorating respiratory, cardiac, and mental status condition despite PEWS' scores that indicated a critical condition, failed to advocate for Darius Thomas by requesting that Dr. Tolliver or Dr. Wall examine Darius Thomas when his physical condition indicated he was becoming increasingly compromised and his overall physical appearance deteriorated, failed to advocate for Darius Thomas' admission and/or transfer to a PICU for more specialized care, failed to constantly and consistently monitor Darius Thomas, and failed to document accurate and complete information about the events surrounding Darius Thomas' deterioration on May 4, 2015. This failure to report Darius Thomas' deterioration, advocate for Darius Thomas, properly monitor Darius Thomas' condition and document accurate information denied proper and timely

Exhibit A to Notice of Removal
Candace J. Thomas, et al vs Phoebe Putney Health System, et al.

medical care being rendered to Darius Thomas and caused and contributed to

Darius Thomas suffering a cardiopulmonary arrest which led to his death.

51.     Pursuant to O.C.G.A. § 9-11-9.1, Plaintiffs attach as Exhibits to this Complaint

the Affidavits and curriculum vitaes of William Ferris Malcolm, M.D. and Staci Renee' Surls,

R.N. who are qualified to testify as experts in this case. Said affidavits set forth at least one

negligent act or omission related to the care and treatment of Darius Thomas, by each Defendant,

and/or Defendants' employees, agents and/or servants, whose acts and/or omissions directly and

proximately caused and/or contributed to the injuries and death of Darius Thomas.

## IV.     DAMAGES

52.     Plaintiffs, Candace J. Thomas and Dudley Thomas, III, Individually, incorporate

herein, each of the preceding paragraphs of this Complaint as if fully set forth herein.

53.     At the time of his death, Darius Thomas had a life expectancy of at least 71.59

years according to the Annuity Mortality Table for 1949, Ultimate.

54.     Plaintiffs Candace J. Thomas and Dudley Thomas, III as natural parents of Darius

Thomas, deceased, bring this cause of action for the wrongful death of Darius Thomas to recover

the full value of the life of Darius Thomas, pursuant to O.C.G.A. § 51-4-1 *et seq* and O.C.G.A. §

19-7-1.

55.     Plaintiffs Candace J. Thomas and Dudley Thomas, III, As Administrators of the

Estate of Darius Thomas, Deceased, bring this cause of action on behalf of the Estate of Darius

Thomas to recover general damages for the pre-death physical and mental pain and suffering of

Darius Thomas, as well as to recover for the medical, funeral and burial expenses which will be

itemized hereinafter by appropriate amendment incurred as a result of the negligent and

13

substandard treatment rendered to Darius Thomas by Defendants and their agents, servants and/or employees for whom Defendants are vicariously liable.

56.     The negligent and substandard conduct of each of the above-named Defendants was a concurrent, direct and proximate cause of the injuries to and death of Darius Thomas. Defendants are individually and jointly liable to Plaintiffs for the injuries and damages set out above.

**WHEREFORE,** Plaintiffs respectfully demand:

A.  That summons be issued requiring Defendants to be served as provided by law and requiring the Defendants to answer this Complaint;

B.  That Plaintiffs have a trial by a fair and impartial jury of twelve (12) members;

C.  That Plaintiffs Candace J. Thomas and Dudley Thomas, III, natural parents of Darius Thomas, deceased, have judgment against, and recover from, Defendants a sum in excess of $10,000.00 for the full value of the life of Darius Thomas, pursuant to O.C.G.A. § 51-4-1 *et seq.* and O.C.G.A. § 19-7-1;

D.  That Plaintiffs Candace J. Thomas and Dudley Thomas, III, As Administrators of the Estate of Darius Thomas, Deceased, have judgment against, and recover from, Defendants a sum in excess of $10,000.00 for the medical, funeral and burial expenses of Darius Thomas which were incurred as a result of the negligence of Defendants;

E.  That Plaintiffs Candace J. Thomas and Dudley Thomas, III, As Administrators of the Estate of Darius Thomas, deceased, have judgment against, and recover of Defendants, a sum in excess of $10,000.00 for Darius Thomas's pain and suffering, both mental and physical, incurred as a result of the negligence of Defendants;

14

F. That the costs of this action be recovered by Plaintiffs; and

G. That Plaintiffs receive such other and further relief as this Court shall deem just and equitable.

Respectfully submitted this 12th day of April, 2017.

DELLACONA LAW FIRM
BY:

TRACEY L. DELLACONA, R.N., M.B.A.
Ga. Bar No. 217108

6055 Lakeside Commons Drive, Suite 420
Macon, GA 31210
(478) 477-9000

THE MCARTHUR LAW FIRM
BY:

KATHERINE L. MCARTHUR
Ga. Bar No. 480730

6055 Lakeside Commons Drive, Suite 400
Macon GA 31210
(478) 238-6600

**ATTORNEYS FOR PLAINTIFFS**

15

## PLEASE SERVE DEFENDANTS AS FOLLOWS:

1. **Defendant Phoebe Putney Health System, Inc.,** by serving its registered agent, to wit: Dawn G. Benson
417 W 3rd Avenue
Albany, Dougherty County, Georgia
OR
wherever it may be found

2. **Defendant Phoebe Putney Health Ventures, Inc.,** by serving its registered agent, to wit: Dawn G. Benson
417 W 3rd Avenue
Albany, Dougherty County, Georgia
OR
wherever it may be found

3. **Defendant Phoebe Putney Memorial Hospital, Inc.,** by serving its registered agent, to wit:
Dawn G. Benson
417 W 3rd Avenue
Albany, Dougherty County, Georgia
OR
wherever it may be found

4. **Defendant Phoebe Physician Group, Inc.,** by serving its registered agent, to wit:
Marie Simmons
1390 U.S. Highway 19 South
Leesburg, Lee County, Georgia
OR
wherever it may be found

5. **Defendant Albany Area Primary Health Care, Inc.,** by serving its registered agent, to wit:
Shelley Spires
204 North Westover Boulevard
Albany, Dougherty County, Georgia
OR
wherever it may be found

6. **Defendant Cheryl G. Tolliver, M.D.**
3600 Bermuda Run Drive
Valdosta, Lowndes County, Georgia
OR
417 W 3rd Avenue
Albany, Dougherty County, Georgia.
OR
wherever she may be found

## AFFIDAVIT OF WILLIAM FERRIS MALCOLM, M.D.

**COMES NOW**, William Ferris Malcolm, M.D., and after being sworn by the undersigned attesting officer, does hereby make the following Affidavit:

1.

Attached hereto as "Exhibit 1" is a copy of the Affiant's curriculum vitae which gives his educational background, training and experience. As set forth therein and otherwise, Affiant is duly licensed, and has actual professional knowledge and experience in the areas of neonatology and pediatrics, including, pediatric intensive care and pediatric transitional care, in which his opinions are given, including pediatric assessments, identification of high risk pediatric patients and pediatric patient deterioration, the need for Pediatric Intensive Care Unit (PICU) admission and/or transfer, and has practiced in said areas of pediatric medicine over 15 years, including three of the last five years immediately preceding the date of the acts or omissions set forth herein. Affiant is experienced in and is familiar with the standard of medical care and treatment of pediatric and PICU patients, including those pediatric and PICU patients whose assessments indicate fever, escalating heart rate, tachypnea, poor vascular perfusion, and abnormal lab values requiring intensive monitoring in a pediatric intensive care unit.

2.

This affidavit is based upon the Affiant's background, education, training and familiarity with the standards of medical care in the United States, and his review of the following certified records and documents:

Exhibit "A"

**Exhibit A to Notice of Removal**
Candace J. Thomas, et al vs Phoebe Putney Health System, et al.

1.    Prestige Pediatrics (Tania Smith, M.D.);

2.    Phoebe Medical Center –  North (5/1/15  and 5/3/15 – 5/4/15);

3.    Phoebe Putney Memorial Hospital (5/4/15); and,

4.    Autopsy.

Affiant makes these observations and gives the following opinions:

3.

On July 28, 2013, Candace Mines, gave birth to a son, Darius M. Thomas, a full-term, 6 pound 7 ounce baby.

4.

On August 2, 2013, Ms. Mines took Darius to his first well-baby check-up with his pediatrician, Tania Smith, M.D.  Over the next 20 months, Dr. Smith and/or her practice provided medical care and treatment to Darius 26 times for regular baby check-ups and minor illnesses.

5.

On Friday, May 1, 2015 at 3:54 a.m., Ms. Mines took Darius to Phoebe Medical Center – North Campus (hereinafter "PMC-NC") and informed the Emergency Room (hereinafter "ER") staff that Darius had a fever that had returned after earlier responding to medications intended to reduce fevers.  At arrival to the ER, Darius' vital signs were Heart Rate = 180, Respiratory Rate = 24, and Temperature = 105°F rectally.

6.

ER physician, Aina Olakunle, M.D., evaluated Darius and prescribed intravenous fluids (250 ml NS), intravenous antibiotics (Ceftriaxone 700 mg), Acetaminophen 160 mg (by mouth) and Motrin 160mg (by mouth) after obtaining diagnostic test results for a

2

complete blood count, sedimentation rate, C-reactive protein, urinalysis, blood culture and a chest X-ray. Darius was discharged from the ER at 6:13 a.m. with a diagnosis of viral syndrome.

7.

On Sunday, May 3, 2015, at 11:09 p.m., Ms. Mines and Mr. Thomas, Darius' father, returned with Darius to the PMC-NC ER. Darius' parents informed Dr. Olakunle that Darius was breathing hard, had a persistent cough, had a fever, vomited and was weak. Darius' vital signs at 11:25 p.m. were Heart Rate = 132, Respiratory Rate = 28, Temperature = 98.5° and Oxygen Saturation = 96% on room air (RA). Dr. Olakunle noted that Darius had prolonged expirations and rales in both lungs. Dr. Olakunle's interpretation of Darius' chest X-ray was bilateral pneumonia. Darius' May 4, 2015 2:24 a.m. lab work indicated abnormalities of glucose (177), BUN (20), Cr (0.8) Ca (8.4) neutrophils (8.1) and (60.4%) and a platelet count (1). Darius' vital signs at 2:52 a.m. were Heart Rate = 165, Respiratory Rate = 28, and Oxygen Saturation = 94% on RA.

8.

At 4:40 a.m., Dr. Olakunle ordered for Darius to be transferred to Phoebe Main (PPMH) for the services of pediatrician, Cheryl Tolliver, M.D., with a diagnosis of bilateral pneumonia, fever and thrombocytopenia. At 5:02 a.m., Darius' vital signs were Heart Rate = 177, Respiratory Rate = 28, and Oxygen Saturation = 97% on RA. Dr. Olakunle prescribed Ceftriaxone 700 mg (IV), and Sodium Chloride 250 cc (IV) bolus.

9.

Darius was transferred to PPMH via ambulance at 5:35 a.m.

3

10.

At 4:35 a.m., Dr. Tolliver wrote admission orders to admit Darius to the pediatric floor with a diagnosis of pneumonia, that his condition was stable, and medication and lab orders which included that the nursing staff should continue pulse oximetry monitoring and could take his vital signs every 4 hours. Heather Pace, R.N. began noting and entering the orders at 5:47 a.m. At the time these orders were written by Dr. Tolliver, Darius was still a patient at PPMH and Dr. Tolliver had not examined Darius.

11.

Darius arrived to PPMH around 5:47 a.m. – 5:50 a.m. He was first examined at 6:32 a.m., by Stacy Reaves, R.N., who noted Darius' vital signs as Heart Rate = 180 bpm, Respiratory Rate = 72 bpm, Temperature = $99^9$ and Oxygen Saturation = 96% on RA. Lab work drawn at 6:25 a.m. noted abnormalities of BUN/Cr = 50, NA = 130, Co2 = 16, Ca = 7.8 and C-reactive protein = 1.6. According to this medical record, Darius was not admitted to a PICU or placed on cardiorespiratory monitoring.

12.

At 7:30 a.m., approximately 1 ½ hours after Darius arrived at PPMH, Dr. Tolliver evaluated Darius and obtained his medical history from his mom, Candace Mines. Dr. Tolliver documented that Darius had a 3 – 6 month developmental delay and documented her Review of Symptoms that indicated Darius had a fever, cough, asthma, gagging, weakness and bruising/rash. At the time of Dr. Tolliver's physical assessment, Darius was noted to "fall over as though weak" (? developmental delay) and fall asleep easily which Dr. Tolliver indicated might be due to being up all night in the ER. Dr. Tolliver documented that Darius' respiratory assessment was normal, he had tachypnea and

4

tachycardia and no petechiae. Darius' vital signs were Heart Rate = 180, Respiratory Rate = 72, Temperature = 99$^9$ and Oxygen Saturation = 96%.

13.

At 7:45 a.m., 15 minutes after Dr. Tolliver's physical exam of Darius, Stacy Reaves, R.N., performed a physical assessment on Darius and documented that he was lethargic, had a capillary refill >5 seconds, was tachycardic and bradycardic indicating a PEWS (Pediatric Early Warning Signs) score of "9", a critical condition in need of consultation and intervention. Regina Barron, R.N., also noted generalized petechiae on Darius' arms, thighs, hands and feet and that his muscle tone was hypotonic.

14.

From 8:44 a.m. to 8:50 a.m., Darius underwent a CT Scan of the head for altered mental status. His lab tests showed a significant decreased platelet count of "1". Nurse Barron documented that Darius returned to the floor from radiology with his family and central transport at 9:05 a.m.

15.

At 9:15 a.m., Nurse Barron noted Darius' PEWS Score remained a "9", that she was unable to obtain a pulse oximetry reading, that she notified Dr. Jennifer Wall (pediatric hospitalist) of Darius' poor perfusion and that Dr. Wall noted a 5 -- 10 second seizure when she began her physical assessment on Darius. Nurse Barron carried Darius to the treatment room.

16.

5

At 9:25 a.m., Nurse Barron documented that monitoring was initiated on Darius, apnea was noted, she began mouth to mouth resuscitation, Dr. Wall noted a heart rate of 70 bpm and PPV (Positive Pressure Ventilation) was started. A cardiac arrest code was called and Darius was given Ativan 1.5 mg. PALS (Pediatric Advanced Life Support) measures were carried out but were unsuccessful. Darius was pronounced dead at 10:35 a.m.

17.

An autopsy was performed at the request of the Dougherty County Coroner,Michael Fowler, on May 5, 2014 by GBI Medical Examiner, Maryanne Gaggney-Kraft, M.D., who noted petechiae on Darius' extremities and thorax, lungs with marked congestion and edema, cerebral edema and pericardial effusion.  The death was noted as natural but the cause of death was undetermined.

18.

It is the Affiant's opinion within a reasonable degree of medical probability and certainty, based on the facts set forth herein, facts assumed, and medical records reviewed, that the medical care and treatment of Darius Thomas by Cheryl Tolliver, M.D., Darius Thomas' admitting physician to PPMH, and as an agent or employee of Albany Area Primary Health Care, Inc., Albany Area Primary Health Care, Inc. d/b/a Albany Area Primary Health Care, Albany Area Primary Health Care, Albany Area Primary Health Care, Inc. d/b/a East Albany Pediatric & Adolescent Center, East Albany Pediatric & Adolescent Center, fell below the standard of care for physicians generally under the same or similar circumstances. Specifically, the following pediatrician to a reasonable degree of medical probability and certainty committed one or more acts of medical

6

negligence and failed to adhere to the standard of care generally employed by pediatricians under similar or like circumstances for the following reasons:

A. Cheryl Tolliver, M.D., failed to recognize and appreciate the critical nature of Darius Thomas' condition provided to her from the PPNH ER staff, failed to examine Darius in a timely manner delaying the exam for over 1 ½ hours after his arrival to PPMH, and failed to take into account and act on Darius Thomas' abnormal lab values, vital signs and physical presentation indicating a need for PICU admission and intensive monitoring.  The failure to examine Darius in a timely manner, appreciate the critical nature of Darius' condition and provide proper and timely medical care to Darius, including PICU admission or transfer to a facility that could provide a higher level of medical care being rendered to Darius Thomas, caused and contributed to Darius Thomas suffering a cardiopulmonary arrest which led to his death.

19.

The above breaches in the standard of care on the part of Cheryl Tolliver, M.D., were all acts and/or omissions constituting negligence which denied timely and proper medical care to Darius Thomas leading to his cardiac and respiratory arrest and death.

20.

This Affidavit is given for the limited purpose of identifying at least one negligent act or omission on the part of Cheryl Tolliver, M.D.,and as an agent or employee of Albany Area Primary Health Care, Inc., Albany Area Primary Health Care, Inc. d/b/a Albany Area Primary Health Care, Albany Area Primary Health Care, Albany Area Primary Health Care, Inc. d/b/a East Albany Pediatric & Adolescent Center, East Albany

7

Pediatric & Adolescent Center and the factual basis for each such claim as required by O.C.G.A. § 9-11-9.1. As such, this Affidavit is not intended to comprehensively set forth all opinions that I may hold regarding the medical care and treatment of Darius Thomas. Further, because the opinions set forth in this Affidavit have been reached without review of the sworn testimony of any witnesses or any other evidence, that may be developed through the discovery process in this action, or any records, documents, materials, or things potentially pertinent to the care and treatment of Darius Thomas, other than the facts assumed and records identified above, the said opinions are expressly preliminary in nature. I expressly reserve the right to revise, modify and/or expand on the opinions set forth in this Affidavit.

AFFIANT SO TESTIFIES UNDER OATH.

This ___5___ day of ___April___, 2017.


_____
**William Ferris Malcolm, M.D. Affiant**

Sworn to and subscribed before
me, this 5th day of _April_, 2017.

_____
Notary Public
My Commission Expires: ___10-05-2019___

8

DUKE UNIVERSITY MEDICAL CENTER

CURRICULUM VITAE

for
Permanent Record
and the
Appointments and Promotions Committee

Date Prepared: March 1, 2012

**Name:** William Ferris Malcolm, M.D.

**Primary academic appointment:** Division of Neonatology

**Primary academic department:** Department of Pediatrics

**Secondary appointment:** N/A

**Social Security Number:** xxx-xx-xxxx

**Present academic rank and title:** Assistant Professor of Pediatrics

**Date and rank of first Duke Faculty appointment:** Clinical Associate; July, 2001

**Medical Licensure:** North Carolina License # 200100817

Date of License: 4/23/2011

**Specialty certification(s) and dates:** Pediatrics; June, 2008

**Date of birth:** April 23, 1969     **Place:** St. Paul, Minnesota, United States

**Citizen of:** United States     **Visa status:** N/A

| **Education** | **Institution** | **Date** | **Degree** |
| --- | --- | --- | --- |
| High School: | Newtown High School; Newtown, CT | 1987 | Diploma |
| College: | University of Minnesota | 1993 | B.S. |
| Graduate or Professional School: | University of Minnesota School of Medicine | 1998 | M.D. |

**Scholarly societies:**

American Academy of Pediatrics
North Carolina Pediatric Society
Society for Pediatric Research

Exhibit "1"

**Exhibit A to Notice of Removal**
Cynthia J. Thomas, et al vs Phoebe Putney Health System, et al.

**Professional training and academic career:**

| Institution | Position/Title | Dates |
|---|---|---|
| Center for Children with Chronic Illness and Disability University of Minnesota, Pediatrics | Research Assistant | 1991-1996 |
| Duke University Medical Center | Resident in Pediatrics | 1998-2001 |
| Duke University Medical Center Pediatrics, Division of Neonatology | Associate/ Medical Instructor | 2001-2007 |
| | Assistant Professor | 2008-present |
| Duke University | Director, Intermediate level nurseries | 2008-present |
| | Assistant Director, Special Infant Care High Risk Follow-up Clinic | |

**Publications:**

**Refereed journals:**

1. El-Chammas K, **Malcolm WF**, Cotten CM. Intestinal malrotation in neonates with nonbilious emesis. *J Perinatol*. 2006; 26(6): 375-7

2. **Malcolm WF** *et al.,* on behalf of the NICHD Neonatal Research Network. Use of medications for gastroesophageal reflux in extremely low birthweight infants at discharge. *Pediatrics*. 2008 Jan;121(1):22-7

3. **Malcolm WF,** Lenfestey RW, Rach E, Goldberg RN, Cotten CM. Dietary fat for infants with enterostomies. *J Pediatr Surg*. 2007 Nov;42(11):1811-5

4. **Malcolm WF,** Hornik C, Smith PB, Evans A, Cotten CM. Vocal fold paralysis following surgical ductal closure in extremely low birth weight infants: A case series of feeding and respiratory complications. J. Perinatology 2008 Nov;28(11):782-5

5. **Malcolm WF,** Smith PB, Mears S, Goldberg RN, Cotten CM. Transpyloric tube feeding in very low birthweight infants with suspected gastroesophageal reflux: Impact on apnea and bradycardia. J. Perinatology 2009 May;29(5):372-5

6. Benjamin, JR; Smith, PB; Cotten, CM; Jaggers, J; Goldstein, RF; Goldberg, RN; **Malcolm, WF.** Long-term morbidities associated with vocal cord paralysis following surgical closure of a patent ductus arteriosus in extremely low birth weight infants. J. Perinatology 2010 June:30(6):408-13

7. Brandon DH, Tully KB, Silva SG, **Malcolm WF;** Murtha AP; Turner BS, Holditch-Davis D; Emotional Responses of Mothers of Late Preterm and Term Infants. JOGNN, 2011; 40:719-731

8. Cotten CM and **Malcolm WF.** Ranitidine use is associated with morbidities and mortality in very low birth weight infants. EBM, 2012; *in press*

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

· **Non-refereed publications**: N/A

**Chapters in books:**

> 1. **Malcolm WF** and Cotten CM. Metoclopramide, h(2) blockers, and proton pump inhibitors: pharmacotherapy for gastroesophageal reflux in neonates. Clin Perinatol. 2012 Mar;39(1):99-109

**Books**: N/A

**Non-authored publications:**

> 1. Patterson JM. A conference on culture and chronic illness in childhood. *Pediatrics.* 1993; 91(5 Pt 2): 1025-30

**Other**:

> a. **Published scientific reviews**:
> Benjamin, JR; Goldberg, RN; **Malcolm, WF.** Neonatal vocal cord paralysis. *NeoReviews* 2009: 10;e494-e501
>
> b. **Instructional videos:**
> **Malcolm WF.** *Nutritional Lifeline: The Feeding Tube Decision.* NC: Simplified Training Solutions; 2007.
>
> b. **Selected abstracts**:
>
> 1. Ricki Goldstein and **William F. Malcolm**. *Well Child Care for the High Risk Infant: Special Equipment Needs.* Presented at the Pediatric Academic Society Annual Meeting, 2006
>
> 2. **William F. Malcolm** and Rob Lenfestey. *Dietary Fat for Infants with Enterostomies.* Presented at the Pediatric Academic Society Annual Meeting, 2006
>
> 3. **William F. Malcolm**. *Gastroesophageal Reflux in Extremely Low Birthweight Infants.* Presented at the North Carolina Neonatal Association Annual Meeting, 2006
>
> 4. **William F. Malcolm**. *Gastroesophageal Reflux in the High Risk Infant.* Presented at the North Carolina South Carolina Perinatal Association Annual Meeting, 2006
>
> 5. Ricki Goldstein and **William F. Malcolm**. Well Child Care for the Premature Infant. Workshop presented at the AAP National Conference and Exhibition, 2007
>
> 6. **William F. Malcolm**. Transpyloric tube feeding in very low birthweight infants with suspected gastroesophageal reflux: impact on apnea and bradycardia. Presented at the Pediatric Academic Society Annual Meeting, Spring, 2008
>
> 7. Ricki Goldstein and **William F. Malcolm**. Providing a medical home for the preterm infant. Workshop presented at the AAP National Conference and Exhibition, 2007, 2008
>
> 8. Ricki Goldstein and **William F. Malcolm**. Providing a medical home for the NICU Graduate: Common Problems Encountered in Pediatric Practice. Workshop presented at the Pediatric Academic Society Annual Meeting, Spring, 2009

9. Ricki Goldstein and **William F. Malcolm**. Caring for the Premature Infant After Discharge: What Every Pediatrician Should Know. Workshop presented at the AAP National Conference and Exhibition, 2009

10. Ricki Goldstein and **William F. Malcolm**. Providing a Medical Home for the NICU Graduate: Common Post-Discharge Problems Encountered in Pediatric Practice. Workshop presented at the North Carolina Pediatric Society meeting, 2009

c. **Editorials, position, and background papers**: N/A

d. **Reviewer**: for *Pediatrics, Journal of Perinatology , American Journal of Perinatology, European Journal of Pediatrics*

**Consultant appointments:**

Abbott Nutrition (Abbott Laboratories, Abbott Park, Ill)
  Educational Consultant

**Professional awards and special recognitions:**

1. University of Minnesota School of Medicine Outstanding Medical Student Award, 1998
2. Duke Intensive Care Nursery "Good Works" Award, 2005
3. Duke University Medical Center "Strength, Hope, and Caring" Award, 2007

**Teaching responsibilities including continuing education:**

Invited Lecturer, Duke University Neonatology Grand Rounds, 2003-2011
Lecturer, Multiple AHEC-sponsored workshops throughout North Carolina aimed at improving care for premature infants, 2004-2007
Invited Lecturer, Duke University Pediatric Resident Noon Conference, 2006-2010
Invited Lecturer, Rex Hospital Pediatric Grand Rounds, 2006
Invited Lecturer, Duke University Physical Therapy Grand Rounds, 2007
Invited Lecturer, Duke University Pediatric Grand Rounds, 2007
Invited Lecturer, Durham Regional Hospital Pediatric Grand Rounds, 2007-2008
Invited Lecturer, Duke University Pediatric Faculty Research Symposium, 2007
Invited Lecturer, Duke University Family Medicine Noon Conference, 2007
Conference Co-Director, Well child care for the Premature Infant (Duke AHEC), 2007
Invited Lecturer, Duke University Advanced Practice Nursing core curriculum, 2006-2011
Invited Lecturer, Children's Hospital of King's Daughters, 2011

**Areas of research interests:**
- Center variation in diagnosis and treatment of GERD in premature infants
- Ability to accurately diagnose GERD in premature infants by clinical signs/symptoms
- Acid vs. non-acid GERD in premature infants
- Normal vs. abnormal GER in premature infants
- Relationship between cardio-respiratory symptoms and GERD in premature infants
- Effectiveness of medications in treating very premature infants with GERD
- Impact of GERD on feeding ability and hospital length of stay in premature infants

- Feeding and growth problems in ELBW infants
- Transpyloric feeding premature infants
- Late-onset NEC
- Treatment of malabsorption in infants with enterostomies/short bowel syndrome
- Feeding problems after Nissen fundoplication
- Neuro-developmental and growth outcomes in ELBW infants
- Neonatal Abstinence Syndrome
- Language development in premature infants with GERD
- Vocal cord paralysis after patent ductus arteriosis surgical closure and its association with aspiration and feeding problems
- Convalescent care of the ELBW infant
- Care of the late preterm infant

**External support - gifts, grants, and contracts:**

| PI | % Effort | Purpose | Approximate Amount | Duration |
|---|---|---|---|---|

a) Past:

The Duke Endowment (PI, Co-investigator: Goldstein, R)   10%         $769,658        1/2003-7/06
The goal of the project is to establish an inpatient early intervention program at Duke and to improve outpatient care of high risk infants through education of community interventionists and care providers

Wyeth Pharmaceuticals (Co-PI, Cotten and Malcolm)
A Multicenter, Open-Label, Pharmacokinetic, Pharmacodynamic, Clinical Symptoms, and Safety Study of Pantoprazole Delayed-Released Granules Administered as a Suspension in Neonates and Preterm Infants with a Clinical Diagnosis of Gastroesophageal Reflux Disease

b) Present:

The Gerber Foundation (PI, Malcolm)         10%                    $213,588        7/2004-12/07
                                                                                     12/07- current

The goal of the project is to evaluate diagnosis and treatment of gastroesophageal reflux disease in very low birthweight infants

NIH   Grant # 3 U10 HD040492-06S1 (PI, Goldberg and Malcolm) 75%  $475,054        12/06-01/10
Project Title:  NICHD Cooperative Multicenter Neonatal Research Network
Supplement to evaluate gastro-esophageal reflux and feeding problems in ELBW infants

**Clinical activity:**

| Type of practice | Time commitment |
|---|---|
| Inpatient Attending, Intermediate Care Nurseries | 24 weeks/year |
| Outpatient, Special Infant Care Clinic | 24 weeks/year |

**Participation in academic and administrative activities of the University and Medical Center:**

Exhibit A to Notice of Removal
Candace J. Thomas, et al vs Phoebe Putney Health System, et al.

- Director, Intermediate Level Nurseries, Duke University Medical Center
  Assistant Director, Special Infant Care High Risk Follow-up Clinic, DUMC
  Course co-director, 2nd Year Medical Student Selective
  Neonatology Patient Safety and Clinical Quality Executive Committee
  Co-Director, Neonatology Level 2 Executive Committee
  Birthing Center/Special Care Nursery Patient Safety and Clinical Quality Committee
  Development of core curriculum for Pediatric resident NICU rotation and Neonatology fellows

## AFFIDAVIT OF STACI RENEE' SURLS, R.N.

**COMES NOW**, Staci Renee' Surls, R.N., and after being sworn by the undersigned attesting officer, does hereby make the following Affidavit:

1.

Attached hereto as "Exhibit 1" is a copy of the Affiant's curriculum vitae which gives her educational background, training and experience.  As set forth therein and otherwise, Affiant is duly licensed, and has actual professional knowledge and experience in the areas of pediatric nursing and pediatric intensive care nursing in which her opinions are given, including pediatric assessments, identification of a pediatric patient's deterioration and advocation for Pediatric Intensive Care Unit (PICU) admission and/or transfer, and has practiced in said areas of pediatric and PICU nursing for over 11 years, including three of the last five years immediately preceding the date of the acts or omissions set forth herein. Affiant is experienced in and is familiar with the nursing standard of care and treatment of pediatric and PICU patients, including those pediatric and PICU patients whose assessments indicate escalating heart rate, tachypnea, poor vascular perfusion, and abnormal lab values requiring intensive monitoring on a pediatric intensive care unit.

2.

This affidavit is based upon the Affiant's background, education, training and familiarity with the standards of nursing care in the United States, and her review of the following certified records and documents:

1.   Prestige Pediatrics (Tania Smith, M.D.);

Exhibit "A"

2. Phoebe Medical Center – North (5/1/15 and 5/3/15 – 5/4/15);

3. Phoebe Putney Memorial Hospital (5/4/15); and,

4. Autopsy.

Affiant makes these observations and gives the following opinions:

3.

On July 28, 2013, Candace Mines, gave birth to a son, Darius M. Thomas, a full-term, 6 pound 7 ounce baby.

4.

On August 2, 2013, Ms. Mines took Darius to his first well-baby check-up with his pediatrician, Tania Smith, M.D. Over the next 20 months, Dr. Smith and/or her practice provided medical care and treatment to Darius 26 times for regular baby check-ups and minor illnesses.

5.

On Friday, May 1, 2015 at 3:54 a.m., Ms. Mines took Darius to Phoebe Medical Center – North Campus (hereinafter "PMC-NC") and informed the Emergency Room (hereinafter "ER") staff that Darius had a fever that had returned after earlier responding to fever medicine. At arrival to the ER, Darius' vital signs were Heart Rate = 180, Respiratory Rate = 24, and Temperature = 105° rectally.

6.

ER physician, Aina Olakunle, M.D., evaluated Darius and prescribed intravenous fluids (250 ml NS), intravenous antibiotics (Ceftriaxone 700 mg), Acetaminophen 160 mg (by mouth) and Motrin 160 mg (by mouth) after obtaining diagnostic test results for a complete blood count, sedimentation rate, C-reactive protein, urinalysis, blood culture

2

and a chest X-ray. Darius was discharged from the ER at 6:13 a.m. with a diagnosis of viral syndrome.

7.

On Sunday, May 3, 2015, at 11:09 p.m., Ms. Mines and Mr. Thomas, Darius' father, returned with Darius to the PMC-NC ER. Darius' parents informed Dr. Olakunle that Darius was breathing hard, had a persistent cough, had a fever, vomited and was weak. Darius' vital signs at 11:25 p.m. were Heart Rate = 132, Respiratory Rate = 28, Temperature = 98.5° and Oxygen Saturation = 96% on room air (RA). Dr. Olakunle noted that Darius had prolonged expirations and rales in both lungs. Dr. Olakunle's interpretation of Darius' chest X-ray was bilateral pneumonia. Darius' May 4, 2015 2:24 a.m. lab work indicated abnormalities of glucose (177), BUN (20), Cr (0.8) Ca (8.4) neutrophils (8.1) and (60.4%) and a platelet count (1). Darius' vital signs at 2:52 a.m. were Heart Rate = 165, Respiratory Rate = 28, and Oxygen Saturation = 94% on RA.

8.

At 4:40 a.m., Dr. Olakunle ordered for Darius to be transferred to Phoebe Main (PPMH) for the services of pediatrician, Cheryl Tolliver, M.D., with a diagnosis of bilateral pneumonia, fever and thrombocytopenia. At 5:02 a.m., Darius' vital signs were Heart Rate = 177, Respiratory Rate = 28, and Oxygen Saturation = 97% on RA. Dr. Olakunle prescribed Ceftriaxone 700 mg (IV), and Sodium Chloride 250 cc (IV).

9.

Darius was transferred to PPMH via ambulance at 5:35 a.m.

10.

At 4:35 a.m., Dr. Tolliver wrote admission orders to admit Darius to the pediatric floor with a diagnosis of pneumonia, that his condition was stable, and medication and

3

lab orders which included that the nursing staff should continue pulse oximetry monitoring and could take his vital signs every 4 hours.  Heather Pace, R.N. began noting and entering the orders at 5:47 a.m.  Darius was not at PPMH nor had he been examined by Dr. Tolliver when these orders were written by Dr. Tolliver.

11.

Darius arrived to PPMH around 5:47 a.m. – 5:50 a.m.  He was first examined at 6:32 a.m., by Stacy Reaves, R.N., who noted Darius' vital signs as Heart Rate = 180 bpm, Respiratory Rate = 72 bpm, Temperature = $99^9$ and Oxygen Saturation = 96% on RA.  Lab work drawn at 6:25 a.m. noted abnormalities of BUN/Cr = 50, NA = 130, Co2 = 16, Ca = 7.8 and C-reactive protein = 1.6.  According to this medical record, Darius was not placed on a telementry unit or in a PICU.

12.

At 7:30 a.m., Dr. Tolliver evaluated Darius and obtained his medical history from his mom, Candace Mines, and documented that Darius had a 3 – 6 month developmental delay. Dr. Tolliver obtained a Review of Symptoms that indicated fever, cough, asthma, gagging, weakness and bruising/rash.  At the time of Dr. Tolliver's physical assessment, Darius was noted to "fall over as though weak" (? developmental delay) and fall asleep easily which Dr. Tolliver indicated might be due to being up all night in the ER.  Dr. Tolliver documented that Darius' respiratory assessment was normal, he had tachycardia and no petechiae. Darius' vital signs were Heart Rate = 180, Respiratory Rate = 72, Temperature = $99^9$ and Oxygen Saturation = 96%.

13.

At 7:45 a.m., 15 minutes after Dr. Tolliver performed a physical exam on Darius, Stacy Reaves, R.N., performed an assessment on Darius and documented that he was

4

lethargic, had a capillary refill >5 seconds, was tachycardic and bradycardic indicating a PEWS (Pediatric Early Warning Signs) score of "9", a critical condition in need of consultation and intervention. Regina Barron, R.N., also noted generalized petechiae on Darius' arms, thighs, hands and feet and that his muscle tone was hypotonic.

14.

From 8:44 a.m. to 8:50 a.m., Darius underwent a CT Scan of the head for altered mental status. His lab test showed a significant decreased platelet count of "1". Nurse Barron documented that Darius returned to the floor from radiology with his family and central transport at 9:05 a.m.

15.

At 9:15 a.m., Nurse Barron noted Darius' PEWS Score remained a "9", that she was unable to obtain a pulse oximetry reading, that she notified Dr. Jennifer Wall (pediatric hospitalist) of Darius' poor perfusion and that Dr. Wall noted a 5 – 10 second seizure when she began her physical assessment on Darius. Nurse Barron carried Darius to the treatment room.

16.

At 9:25 a.m., Nurse Barron documented that monitoring was initiated on Darius, apnea was noted, she began mouth to mouth resuscitation, Dr. Wall noted a heart rate of 70 bpm and PPV (Positive Pressure Ventilation) was started. A cardiac arrest code was called and Darius was given Ativan 1.5 mg. PALS (Pediatric Advanced Life Support) measures were carried out but were unsuccessful. Darius was pronounced dead at 10:35 a.m.

17.

An autopsy was performed at the request of the Dougherty County Coroner,

Michael Fowler, on May 5, 2014 by GBI Medical Examiner, Maryanne Gaggney-Kraft, M.D., who noted petechiae on Darius' extremities and thorax, lungs with marked congestion and edema, cerebral edema and pericardial effusion. The death was noted as natural but the cause of death was undetermined.

18.

It is the Affiant's opinion within a reasonable degree of medical probability and certainty, based on the facts set forth herein, facts assumed, and medical records reviewed, that the nursing care and treatment of Darius Thomas by nurses Stacy Reaves, R.N. and Regina Barron R.N., as employees and/or agents of Phoebe Putney Health Systems, Inc. d/b/a/ Phoebe Putney Memorial Health, Inc. fell below the standard of care for nurses generally under the same or similar circumstances. Specifically, the following nurses to a reasonable degree of medical probability and certainty committed one or more acts of nursing negligence and failed to adhere to the standard of care generally employed by pediatric nurses under similar or like circumstances for the following reasons:

A. Stacy Reaves, R.N., failed to notify the on-call pediatrician of Darius Thomas' deteriorating respiratory, cardiac, and mental status condition despite PEWS' scores that indicated a critical condition, failed to advocate for Darius Thomas by requesting that Dr. Tolliver or Dr. Wall examine Darius Thomas when his physical condition indicated he was becoming increasingly compromised and his overall physical appearance deteriorated, failed to advocate for Darius Thomas' admission and/or transfer to a PICU for more specialized care, failed to constantly and consistently monitor Darius Thomas, and failed to document accurate and complete information about the events surrounding Darius

6

Thomas' deterioration on May 4, 2015. This failure to report Darius Thomas' deterioration, advocate for Darius Thomas, properly monitor Darius Thomas' condition and document accurate information denied proper and timely medical care being rendered to Darius Thomas and caused and contributed to Darius Thomas suffering a cardiac and respiratory arrest which led to his death.

B. Regina Barron, R.N., failed to notify the on-call pediatrician of Darius Thomas' deteriorating respiratory, cardiac, and mental status condition despite PEWS' scores that indicated a critical condition, failed to advocate for Darius Thomas by requesting that Dr. Tolliver or Dr. Wall examine Darius Thomas when his physical condition indicated he was becoming increasingly compromised and his overall physical appearance deteriorated, failed to advocate for Darius Thomas' admission and/or transfer to a PICU for more specialized care, failed to constantly and consistently monitor Darius Thomas, and failed to document accurate and complete information about the events surrounding Darius Thomas' deterioration on May 4, 2015. This failure to report Darius Thomas' deterioration, advocate for Darius Thomas, properly monitor Darius Thomas' condition and document accurate information denied proper and timely medical care being rendered to Darius Thomas and caused and contributed to Darius Thomas suffering a cardiac and respiratory arrest which led to his death.

19.

The above breaches in the standard of care on the part of Stacy Reaves, R.N. and Regina Barron, R.N., were all acts and/or omissions constituting negligence which

7

denied timely and proper medical care to Darius Thomas leading to his cardiac and respiratory arrest and death.

20.

This Affidavit is given for the limited purpose of identifying at least one negligent act or omission on the part of Stacy Reaves, R.N. and Regina Barron, R.N., as employees and/or agents of Phoebe Putney Health Systems, Inc. d/b/a Phoebe Putney Memorial Hospital, Inc. and the factual basis for each such claim as required by O.C.G.A. § 9-11-9.1. As such, this Affidavit is not intended to comprehensively set forth all opinions that I may hold regarding the nursing care and treatment of Darius Thomas. Further, because the opinions set forth in this Affidavit have been reached without review of the sworn testimony of any witnesses or any other evidence, that may be developed through the discovery process in this action, or any records, documents, materials, or things potentially pertinent to the care and treatment of Darius Thomas, other than the facts assumed and records identified above, the said opinions are expressly preliminary in nature. I expressly reserve the right to revise, modify and/or expand on the opinions set forth in this Affidavit.

AFFIANT SO TESTIFIES UNDER OATH.

This ___17___ day of ___March___ , 2017.

**Staci Renee' Surls, R.N. Affiant**

Sworn to and subscribed before
me, this _17_ day of ___March___ , 2017.

_____
Notary Public
My Commission Expires: ___11-09-2020___

SYED SHAMS
Gwinnett County
Notary
Public
Expires
11-09-2020
STATE OF GEORGIA

8

# Staci Renee' Surls

3889 Duncan Ives Dr. Buford, GA 30519 | 678-431-1166 | stacisurls@yahoo.com

## Education
### ASN | DECEMBER 2004 | OUR LADY OF THE LAKE COLLEGE BATON ROUGE, LA

### BSN | DECEMBER 2005 | OUR LADY OF THE LAKE COLLEGE BATON ROUGE, LA

## Skills & Abilities
### MANAGEMENT
· Charge nurse at CHOA for 3 years; responsibilities included: making patient assignments for next shift, assisting nurses with critical thinking and patient management, handling conflict with patients/families, assigning patient bed placement and transfer into/out of PICU.

### COMMUNICATION
· Aid in communication with patients, family and staff.

### LEADERSHIP
· Staff RN in PICU for 11 years; charge nurse for 3 years

## Experience
### RN | OUR LADY OF THE LAKE RMC | JANUARY 2005-DECEMBER 2007
· Staff nurse and charge nurse (picu)

### RN | CHOA-SCOTTISH RITE | JANUARY 2008-JANUARY 2016
· Staff nurse, charge nurse, rapid response nurse (picu)

### RN | JOHNS CREEK PEDIATRICS | JANUARY 2009-AUGUST 2011
Staff rn

### RN | NEGMC| FEBRUARY 2016-PRESENT
· Staff nurse  labor and delivery

## IN THE STATE COURT OF ___DOUGHERTY___ COUNTY
## STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY

THOMAS, III, INDIVIDUALLY, and AS

PARENTS OF DARIUS M. THOMAS, et. al.

**PLAINTIFF**

vs.

PHOEBE PUTNEY HEALTH SYSTEM, INC.,

PHOEBE PUTNEY HEALTH VENTURES, INC.,

PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., et. al.

**DEFENDANT**

**CIVIL ACTION # 17SCV80**

**STATE COURT OF** DOUGHERTY COUNTY

225 Pine Avenue

Albany, GA 31701

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:** Albany Area Primary Health Care, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address are:

Tracey L. Dellacona

6055 Lakeside Commons Drive

Suite 420

Macon, GA  31210

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __13th__ day of __April__, 20 17 .

along with Plaintiffs' 1st Interrogatories & RPODs to Defendant
9.1 affidavits
Complaint
Notice to Depose

**Clerk of** State **Court**

BY: Susan P. Williams
Deputy Clerk

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

## IN THE STATE COURT OF ___DOUGHERTY___ COUNTY
## STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY

THOMAS, III, INDIVIDUALLY, and AS

PARENTS OF DARIUS M. THOMAS, et. al.

**PLAINTIFF**

vs.

PHOEBE PUTNEY HEALTH SYSTEM, INC.,

PHOEBE PUTNEY HEALTH VENTURES, INC.,

PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., et. al.

**DEFENDANT**

**CIVIL ACTION #** _17SCV60_

**STATE COURT OF** DOUGHERTY COUNTY

225 Pine Avenue

Albany, GA 31701

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:** Phoebe Physician Group, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address are:

Tracey L. Dellacona

6055 Lakeside Commons Drive

Suite 420

Macon, GA  31210

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __13th__ day of __April__, 20_17_.

along with Plaintiffs' 1st Interrogatories & RPODs to Defendant
9.1 affidavits
Complaint
Notice to Depose

**Clerk of** State **Court**

BY: _Susan P. Williams_

Deputy Clerk

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

## IN THE STATE COURT OF ___DOUGHERTY___ COUNTY
## STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY

THOMAS, III, INDIVIDUALLY, and AS

PARENTS OF DARIUS M. THOMAS, et. al.

**PLAINTIFF**

vs.

PHOEBE PUTNEY HEALTH SYSTEM, INC.,

PHOEBE PUTNEY HEALTH VENTURES, INC.,

PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., et. al.

**DEFENDANT**

**CIVIL ACTION #** 17SCV80

**STATE COURT OF** DOUGHERTY**COUNTY**

225 Pine Avenue

Albany, GA 31701

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:** Phoebe Putney Memorial Hospital, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address are:

Tracey L. Dellacona

6055 Lakeside Commons Drive

Suite 420

Macon, GA 31210

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __13th__ day of __April__, 20_17_.

along with Plaintiffs' 1st Interrogatories & RPODs to Defendant
9.1 affidavits
Complaint
Notice to Depose

**Clerk of** State **Court**

BY: Susan P. Williams

Deputy Clerk

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

# IN THE STATE COURT OF ___DOUGHERTY___ COUNTY
## STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY___

THOMAS, III, INDIVIDUALLY, and AS___

PARENTS OF DARIUS M. THOMAS, et. al.

**CIVIL ACTION # 17SC V80**

**PLAINTIFF**

VS.

PHOEBE PUTNEY HEALTH SYSTEM, INC.,

PHOEBE PUTNEY HEALTH VENTURES, INC.,

PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., et. al.

**DEFENDANT**

**STATE COURT OF DOUGHERTY COUNTY**

225 Pine Avenue___

Albany, GA 31701___

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:** Phoebe Putney Health System, Inc.___

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address are:

Tracey L. Dellacona___

6055 Lakeside Commons Drive___

Suite 420___

Macon, GA 31210___

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __13th__ day of __April__, 20 17.

along with Plaintiffs' 1st Interrogatories & RPODs to Defendant
9.1 affidavits
Complaint
Notice to Depose

**Clerk of State Court**

BY: __Susan P. Williams__

Deputy Clerk

**IN THE STATE COURT OF ___DOUGHERTY___ COUNTY**
**STATE OF GEORGIA**

CANDACE J. THOMAS and DUDLEY

THOMAS, III, INDIVIDUALLY, and AS

PARENTS OF DARIUS M. THOMAS, et. al.

**PLAINTIFF**

vs.

PHOEBE PUTNEY HEALTH SYSTEM, INC.,

PHOEBE PUTNEY HEALTH VENTURES, INC.,

PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., et. al.

**DEFENDANT**

CIVIL ACTION # **17SCV80**

**STATE COURT OF** DOUGHERTY**COUNTY**

225 Pine Avenue

Albany, GA 31701

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANT:** Phoebe Putney Health Ventures, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address are:

Tracey L. Dellacona

6055 Lakeside Commons Drive

Suite 420

Macon, GA  31210

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __13th__ day of __April__, 20__17__.

along with Plaintiffs' 1st Interrogatories & RPODs to Defendant
9.1 affidavits
Complaint
Notice to Depose

Clerk of State Court

BY: Susan P. Williams

Deputy Clerk

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

# IN THE STATE COURT OF ___DOUGHERTY___ COUNTY
## STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY

THOMAS, III, INDIVIDUALLY, and AS

PARENTS OF DARIUS M. THOMAS, et. al.

**PLAINTIFF**

vs.

PHOEBE PUTNEY HEALTH SYSTEM, INC.,

PHOEBE PUTNEY HEALTH VENTURES, INC.,

PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., et. al.

**DEFENDANT**

CIVIL ACTION # **17SCV80**

**STATE COURT OF** DOUGHERTY**COUNTY**

225 Pine Avenue

Albany, GA 31701

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:** Cheryl G. Tolliver, M.D.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address are:

Tracey L. Dellacona

6055 Lakeside Commons Drive

Suite 420

Macon, GA  31210

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _13th_ day of _April_, 20_17_.

along with Plaintiffs' 1st Interrogatories & RPODs to Defendant
9.1 affidavits
Complaint
Notice to Depose

Clerk of State Court

BY: Susan P. Williams

Deputy Clerk

# SECOND ORIGINAL

## IN THE STATE COURT OF ___DOUGHERTY___ COUNTY
## STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY

THOMAS, III, INDIVIDUALLY, and AS

PARENTS OF DARIUS M. THOMAS, et. al.

**PLAINTIFF**

vs.

PHOEBE PUTNEY HEALTH SYSTEM, INC.,

PHOEBE PUTNEY HEALTH VENTURES, INC.,

PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., et. al.

**DEFENDANT**

CIVIL ACTION # **17SC.V80**

STATE COURT OF DOUGHERTY COUNTY

225 Pine Avenue

Albany, GA 31701

FILED

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:** Phoebe Physician Group, Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address are:

Tracey L. Dellacona

6055 Lakeside Commons Drive

Suite 420

Macon, GA  31210

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _13th_ day of _April_, 20 _17_ .

along with Plaintiffs' 1st Interrogatories & RPODs to Defendant
9.1 affidavits
Complaint
Notice to Depose

Clerk of State Court

BY: _Susan P. Williams_

Deputy Clerk

SECOND ORIGINAL

# IN THE STATE COURT OF __DOUGHERTY__ COUNTY
## STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY

THOMAS, III, INDIVIDUALLY, and AS

PARENTS OF DARIUS M. THOMAS, et. al.

**PLAINTIFF**

vs.

PHOEBE PUTNEY HEALTH SYSTEM, INC.,

PHOEBE PUTNEY HEALTH VENTURES, INC.,

PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., et. al.

**DEFENDANT**

**CIVIL ACTION # *17SCV80***

**STATE COURT OF** DOUGHERTY **COUNTY**

225 Pine Avenue

Albany, GA 31701

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANT:** Cheryl G. Tolliver, M.D.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address are:

Tracey L. Dellacona

6055 Lakeside Commons Drive

Suite 420

Macon, GA  31210

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __13th__ day of __April__, 20__17__.

along with Plaintiffs' 1st Interrogatories & RPODs to Defendant
9.1 affidavits
Complaint
Notice to Depose

**Clerk of** State **Court**

BY: *Susan P. Williams*
Deputy Clerk

Civil Action No. **17 SCV 80**

Date Filed **4/13/17**

Attorney's Address: <u>Tracey L. Dellacona</u>

<u>6055 Lakeside Commons Drive, Suite 420</u>

<u>Macon, GA 31210</u>

Telephone: <u>(478) 477-9000</u>

Name and Address of Party to be Served:

<u>Albany Area Primary Health Care, Inc.</u>

<u>via R/A Shelley Spires</u>

<u>204 North Westover Boulevard</u>

Albany, Dougherty County, Georgia

**STATE COURT**

**GEORGIA,** <u>DOUGHERTY</u> **COUNTY**

CANDACE J. THOMAS and DUDLEY

<u>THOMAS, III, et al.</u>

**PLAINTIFF**

VS.

<u>Phoebe Putney Health System,</u>

<u>Inc., et al.</u>

**DEFENDANT**

**GARNISHEE**

*FILED 2017 APR 17 PM 2:58 EVONNE S. MULL DOUGHERTY COUNTY CLERK OF COURTS*

## SHERIFF'S ENTRY OF SERVICE

**GARNISHEE**

☐   I have this day served the Garnishee _____ by leaving a copy of the
within action and summons with _____ .

**PERSONAL**

☐   I have this day served the Defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the Defendant _____ by leaving a copy
of the action and summons at his most notorious place of abode in this County.

☐   Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled
at the residence of Defendant.

**CORPORATION**

Served the Defendant  **Albany Area Primary Health Care, Inc.**                                    a corporation

☒   by leaving a copy of the within action and summons with <u>Registered Agent Shelley Spires</u> *% Clifton Bush*
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same

☐   in the United State Mail, First Class in an envelope properly addressed to the defendant(s) at the address in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON-EST**

Diligent search made and defendant _____

☐   not to be found in the jurisdiction of this Court.

This **17th** day of **April** **2017**

along w/ Plaintiffs' 1st Interrogatories and RPODs to Defendant

9.1 Affidavits                                          BY: **Paul Stillson**

Complaint                                                                          **DEPUTY SHERIFF**

Notice to Depose

DOCKET _____ PAGE _____     *Deputy*     COUNTY, GEORGIA

**ORIGINAL TO CLERK - ONE COPY TO PLAINTIFF - ONE COPY TO DEFENDANT**

PS

**01072**

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

Civil Action No. 17 SCV 80

Date Filed 4|13|17

Attorney's Address: Tracey L. Dellacona

6055 Lakeside Commons Drive, Suite 420

Macon, GA 31210

Telephone: (478) 477-9000

**STATE COURT**

**GEORGIA,** DOUGHERTY **COUNTY**

CANDACE J. THOMAS and DUDLEY

THOMAS, III, et al.

**PLAINTIFF**

vs.

Phoebe Putney Health System,

Inc., et al.

**DEFENDANT**

Name and Address of Party to be Served:

Phoebe Putney Health System, Inc.

via R/A Dawn G. Benson

417 W. 3rd Avenue

Albany, Dougherty County, Georgia

**GARNISHEE**

## SHERIFF'S ENTRY OF SERVICE

**GARNISHEE**

☐ I have this day served the Garnishee _____ by leaving a copy of the
within action and summons with _____ .

**PERSONAL**

☐ I have this day served the Defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the Defendant _____ by leaving a copy
of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled
at the residence of Defendant.

**CORPORATION**

Served the Defendant  Phoebe Putney Health System, Inc. _____ a corporation
☒ by leaving a copy of the within action and summons with  Registered Agent Dawn G. Benson
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same
in the United State Mail, First Class in an envelope properly addressed to the defendant(s) at the address in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON-EST**

Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This 11th day of APRIL 2017
along w/ Plaintiffs' 1st Interrogatories and RPODs to Defendant
9.1 Affidavits                                                           BY: _____
Complaint
Notice to Depose                                                        _____ DEPUTY SHERIFF
DOCKET _____ PAGE _____               DOUGHERTY COUNTY, GEORGIA

ORIGINAL TO CLERK - ONE COPY TO PLAINTIFF - ONE COPY TO DEFENDANT

61074

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

Civil Action No. 17 SCV 80

Date Filed 4/3/17

Attorney's Address: Tracey L. Dellacona

6055 Lakeside Commons Drive, Suite 420

Macon, GA 31210

Telephone: (478) 477-9000

Name and Address of Party to be Served:

Phoebe Putney Memorial Hospital, Inc.

via R/A Dawn G. Benson

417 W. 3rd Avenue

Albany, Dougherty County, Georgia

**STATE COURT**

**GEORGIA,** DOUGHERTY **COUNTY**

CANDACE J. THOMAS and DUDLEY

THOMAS, III, et al.

**PLAINTIFF**

vs.

Phoebe Putney Health System,

Inc., et al.

**DEFENDANT**

**GARNISHEE**

## SHERIFF'S ENTRY OF SERVICE

**GARNISHEE**
☐   I have this day served the Garnishee _____ by leaving a copy of the
     within action and summons with _____ .

**PERSONAL**
☐   I have this day served the Defendant _____ personally with a copy
     of the within action and summons.

**NOTORIOUS**
     I have this day served the Defendant _____ by leaving a copy
     of the action and summons at his most notorious place of abode in this County.

☐   Delivered same into hands of _____ described as follows
     age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled
     at the residence of Defendant.

**CORPORATION**
     Served the Defendant  Phoebe Putney Memorial Hospital, Inc.                                  a corporation
☒   by leaving a copy of the within action and summons with  Registered Agent Dawn G. Benson
     in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
     I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
     door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same
☐   in the United State Mail, First Class in an envelope properly addressed to the defendant(s) at the address in said
     summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
     place stated in the summons.

**NON-EST**
     Diligent search made and defendant _____
☐   not to be found in the jurisdiction of this Court.

This _____ day of __APRIL__, 2017.
along w/Plaintiffs' 1st Interrogatories and RPODs to Defendant
9.1 Affidavits                                                              BY: _____
Complaint                                                                             DEPUTY SHERIFF
Notice to Depose
DOCKET _____ PAGE _____              DOUGHERTY COUNTY, GEORGIA

ORIGINAL TO CLERK - ONE COPY TO PLAINTIFF - ONE COPY TO DEFENDANT

DJ 61073

Exhibit A to Notice of Removal
Candace J. Thomas, et al vs Phoebe Putney Health System, et al.

Civil Action No. 17 SCV 80

Date Filed 4|3|17

Attorney's Address: Tracey L. Dellacona

6055 Lakeside Commons Drive, Suite 420

Macon, GA  31210

Telephone:  (478) 477-9000

**STATE COURT**

**GEORGIA,** __DOUGHERTY__ **COUNTY**

CANDACE J. THOMAS and DUDLEY

THOMAS, III, et al.

**PLAINTIFF**

vs.

Name and Address of Party to be Served:

Phoebe Putney Health Ventures, Inc.

via R/A Dawn G. Benson

417 W. 3rd Avenue

Albany, Dougherty County, Georgia

Phoebe Putney Health System,

Inc., et al.

**DEFENDANT**

**GARNISHEE**

2017 APR 18  PM 3:38

EVONNE S.
DOUGHERTY
CLERK OF COUNTY

FILED

## SHERIFF'S ENTRY OF SERVICE

**GARNISHEE**

☐    I have this day served the Garnishee _____ by _____ a copy of the within action and summons with _____ .

**PERSONAL**

☐    I have this day served the Defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

    I have this day served the Defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

☐    Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of Defendant.

**CORPORATION**

    Served the Defendant   Phoebe Putney Health Ventures, Inc. _____ a corporation

☒    by leaving a copy of the within action and summons with _Registered Agent Dawn G. Benson_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐    I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United State Mail, First Class in an envelope properly addressed to the defendant(s) at the address in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON-EST**

☐    Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This ____ day of __APRIL__ , 201_7_

along w/ Plaintiffs' 1st Interrogatories and RPODs to Defendant

9.1 Affidavits

Complaint

Notice to Depose

BY: _____

DEPUTY SHERIFF

DOCKET _____ PAGE _____

DOUGHERTY COUNTY, GEORGIA

**ORIGINAL TO CLERK - ONE COPY TO PLAINTIFF - ONE COPY TO DEFENDANT**

DT  61075

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

EFILED IN OFFICE
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA

**STSV2017000080**
VSD
MAY 10, 2017 11:37 AM

*Evonne S. Mull*
Evonne S. Mull, Clerk
Dougherty County, Georgia

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CANDACE J. THOMAS and DUDLEY THOMAS, III, individually and as parents of DARIUS M. THOMAS, deceased and CANDACE J. THOMAS and DUDLEY THOMAS, III, as administrators of the Estate of DARIUS M. THOMAS, | ) ) ) ) ) ) ) | |
| SCV   Plaintiffs | ) ) | CIVIL ACTION NO.: 17 SCV 80 |
| Vs. | ) ) ) | |
| PHOEBE PUTNEY HEALTH SYSTEM, INC., PHOEBE PUTNEY HEALTH VENTURES, INC., PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., PHOEBE PHYSICIAN GROUP, INC., ALBANY AREA PRIMARY HEALTH CARE, INC., and CHERYL G. TOLLIVER, M.D., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>EXTENSION OF TIME</u>

COME NOW the Plaintiffs, by and through their undersigned counsel of record, and hereby grant to Defendants Albany Area Primary Health Care, Inc. and Cheryl G. Tolliver, M.D. an extension of time through and including June 9, 2017, in which to file an Answer or other responsive pleadings to Plaintiffs' Complaint without default, cost or penalty, and extend the time to respond to any discovery served with the Complaint, including any Request for Admissions, through and including 15 days from the date entered above.

*Signature on following page*

This 10th day of May, 2017.

Tracey L. Dellacona
By David N. Nelson with Express
Permission
Georgia Bar No. 217108
*Attorney for Plaintiff*

Dellacona Law Firm
6055 Lakeside Commons Drive,
Suite 420
Macon, Georgia 31210

IN THE STATE COURT OF DOUHERTY COUNTY
STATE OF GEORGIA



| | |
|---|---|
| CANDACE J. THOMAS and DUDLEY THOMAS, | : |
| III, INDIVIDUALLY, and AS PARENTS OF | : |
| DARIUS M. THOMAS, DECEASED and CANDACE | : |
| J. THOMAS and DUDLEY THOMAS, III, AS | : |
| ADMINISTRATORS OF THE ESTATE OF DARIUS | : |
| M. THOMAS, | : |

    Plaintiffs,

vs.

PHOEBE PUTNEY HEALTH SYSTEM, INC.,
PHOEBE PUTNEY HEALTH VENTURES, INC.,
PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.,
PHOEBE PHYSICIAN GROUP, INC., ALBANY
AREA PRIMARY HEALTH CARE, INC. AND
CHERYL G. TOLLIVER, M.D.,

    Defendants.

CIVIL ACTION FILE
No.: 17-SCV-80

---

## ANSWER AND DEFENSIVE PLEADINGS OF DEFENDANTS PHOEBE PUTNEY HEALTH SYSTEM, INC., PHOEBE PUTNEY HEALTH VENTURES, INC., PHOEBE PUTNEY MEMORIAL HOSPITAL, INC. AND PHOEBE PHYSICIAN GROUP, INC.

COME NOW Defendants Phoebe Putney Health System, Inc., Phoebe Putney Health Ventures, Inc., Phoebe Putney Memorial Hospital, Inc. and Phoebe Physicians Group, Inc., (hereinafter collectively referred to as "Defendants" or "these Defendants"), and file this, their Answer and Defensive Pleadings to the Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against these Defendants upon which relief can be granted.

### SECOND DEFENSE

The Plaintiffs' Complaint may not have been filed in compliance with O.C.G.A. § 9-11-9.1. These Defendants hereby move for the dismissal of the Complaint on the basis of Plaintiffs'

failure to comply with O.C.G.A. § 9-11-9.1. These Defendants expressly reserve the right to file a separate and amended Motion to Dismiss on these grounds.

### THIRD DEFENSE

The Plaintiffs' Complaint may not have been filed in compliance with O.C.G.A. § 24-7-702 in conjunction with O.C.G.A. § 9-11-9.1. These Defendants hereby move for the dismissal of the Complaint on the basis of Plaintiffs' failure to comply with O.C.G.A. § 24-9-67.1. These Defendants expressly reserve the right to file a separate and amended Motion to Dismiss on these grounds.

### FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, these Defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of Plaintiff to exercise ordinary care for Darius Thomas' own safety, failure of Plaintiff to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statue of frauds, statute of limitations and waiver.

### FIFTH DEFENSE

To the extent shown through discovery, these Defendants raise all those affirmative defenses set forth in O.C.G.A. §§ 9-11-8(c) and 9-11-12(b), and none of these defenses are waived.

### SIXTH DEFENSE

These Defendants show that no action or omission on its part, nor any action or omission which is legally attributable to it, proximately caused or contributed to any injury or damages

Exhibit A to Notice of Removal
Candace J. Thomas, et al vs Phoebe Putney Health System, et al.

sustained by Plaintiffs and, therefore, Plaintiffs are not entitled to recover any sum from these Defendants.

## SEVENTH DEFENSE

These Defendants show that at all times referenced in Plaintiffs' Complaint they and/or their employees and/or agents exercised that degree of care, skill and diligence customarily brought to the practice of medicine by members of the profession generally, under the same or similar circumstances, and as required by the laws of the State of Georgia, and therefore Plaintiffs are not entitled to recover any sum from these Defendants.

## EIGHTH DEFENSE

Any injuries or damages sustained by Plaintiffs were due to and caused by the negligence of someone other than these Defendants, and were not the result of any negligence on the part of this Defendant, and therefore Plaintiffs are not entitled to recover any sum from these Defendants.

## NINTH DEFENSE

At the time of filing this answer, these Defendants specifically show that they did not have access to all of Darius Thomas' medical records, and did not have time to fully review and study all of Darius Thomas' medical records. Accordingly, these Defendants file this Answer subject to their right to amend and supplement these Answers and Defensive Pleadings upon full and complete review of all medical records.

## TENTH DEFENSE

These Defendants reserve the right to plead and prove such other defenses as may become known to it during the course of discovery and investigation.

## ELEVENTH DEFENSE
## (RESPONSIVE PLEADINGS)

Subject to and without waiving the above and foregoing enumerated Defenses, and without the benefit of complete medical records of Darius Thomas, these Defendants respond to the numbered allegations of the Plaintiffs' Complaint as follows:

## I. PARTIES

-1-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

-2-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

## DEFENDANTS:

-3-

Defendants admit only that Phoebe Putney Health System, Inc. is a professional corporation organized under the laws of Georgia and its principle place of business is located at 417 W 3rd Avenue, Albany, Georgia.  Further, Defendants deny Phoebe Putney Health System, Inc. is a proper party Defendant, and deny all remaining allegations of Paragraph 3.

-4-

Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

-5-

Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

-6-

Defendants admit only that Phoebe Putney Health Ventures, Inc. is a professional corporation organized under the laws of Georgia and its principle place of business is located at 417 W 3rd Avenue, Albany, Georgia.  Further, Defendants deny Phoebe Putney Health Ventures, Inc. is a proper party Defendant, and deny all further allegations of Paragraph 6.

-7-

Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

-8-

Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

-9-

Defendants admit the allegations contained in the first sentence of Paragraph 9 of Plaintiff's Complaint.  Responding to the remaining allegations of Paragraph 9, these Defendants deny Defendant Phoebe Putney Memorial Hospital, Inc.  employed any hospitalists and further deny Defendant Phoebe Putney Memorial Hospital, Inc. can be vicariously liable for any acts and/or omissions of any hospitalists.

-10-

Defendants admit the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

-11-

Responding to Paragraph 11, Defendants admit only that Defendant Phoebe Putney Memorial Hospital, Inc. employed certain nurses and nursing staff, but deny Defendant Phoebe Putney Memorial Hospital, Inc. employed any hospitalists and deny that any of the Defendants can be vicariously liable for any acts of said hospitalists.  Defendants admit the nurses/nursing

staff acted within the scope and course of said employment.   Further, Defendants deny all remaining allegations of Paragraph 11 of Plaintiffs' Complaint.

-12-

Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

-13-

Defendants admit Phoebe Physician Group, Inc. is a professional corporation organized under the laws of Georgia and its principle place of business is located at 1390 U.S. Highway 19 South, Leesburg, Georgia.   Further, Defendants deny Phoebe Physician Group, Inc. is a proper party Defendant and the remaining allegation of Paragraph 13.

-14-

Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

-15-

Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

-16-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

-17-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

-18-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

-19-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

-20-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

-21-

Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

-22-

Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

-23-

Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

## II. FACTUAL ALLEGATIONS

-24-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

-25-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

-26-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

-27-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

Exhibit A to Notice of Removal
Candace J. Thomas, et al vs Phoebe Putney Health System, et al.

-28-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

-29-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

-30-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

-31-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

-32-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

-33-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

-34-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

-35-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

-36-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

-37-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

-38-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiff's Complaint, and can therefore neither admit nor deny same, as these Defendants did not have access to all of Darius Thomas' medical records at the time of answering the Complaint.

-39-

Paragraph 39 does not exist.

-40-

Paragraph 40 does not exist.

-41-

Paragraph 41 does not exist.

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

-42-

Paragraph 42 does not exist.

-43-

Paragraph 43 does not exist.

-44-

Paragraph 44 does not exist.

-45-

Paragraph 45 does not exist.

-46-

Paragraph 46 does not exist.

-47-

Paragraph 47 does not exist.


## III.  CAUSATION AND NEGLIGENCE ALLEGATIONS

-48-

Defendants hereby incorporate by reference their responses to Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

-49-

Defendants deny the allegations in Paragraph 49 of Plaintiff's Complaint.

-50-

Defendants deny the allegations of negligence contained in Paragraph 50 as to Stacy Reaves, RN (Paragraph 50(B)) and Regina Barron (Paragraph 50(C)).  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding

Cheryl Tolliver, M.D. contained in Paragraph 50(A) of Plaintiff's Complaint, and can therefore neither admit nor deny same.

-51-

Defendants admit the affidavits of William Ferris Malcolm, M.D. and Staci Renee' Surls are attached to Plaintiff's Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint, and can therefore neither confirm nor deny same.

## IV.  DAMAGES

-52-

Defendants hereby incorporate by reference their responses to Paragraphs 48 through 51 of this Complaint as if fully set forth herein.

-53-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiff's Complaint, and can therefore neither admit nor deny same.

-54-

Defendants admit that Plaintiffs have brought a cause of action for wrongful death of Darius Thomas but deny Plaintiff are entitled to any relief against these Defendants under any legal theory.

-55-

Defendants admit that Plaintiffs are bringing this cause of action on behalf of the Estate of Darius Thomas to recover damages but deny that they are entitled to any relief against these Defendants under any legal theory.

-56-

Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

-57-

Defendants deny each and every allegation not heretofore admitted or denied.

## JURY DEMAND

These Defendants demand a trial by jury of no less than 12 persons.

WHEREFORE, these Defendants, having fully responded to Plaintiffs' Complaint for Damages hereby prays that it be dismissed with prejudice from this civil action and that all costs be paid by the Plaintiffs.

This 17th day of May, 2017.

WATSON SPENCE LLP
*Attorneys for Defendants Phoebe Putney Health System, Inc., Phoebe Putney Health Ventures, Inc., Phoebe Putney Memorial Hospital, Inc., and Phoebe Physician Group, Inc.*

Charles K. Wainright, II
State Bar No. 730349
P.O. Box 2008
Albany, GA 31702-2008
(229) 436-1545 Telephone
(229) 436-6358 Facsimile
cwainright@watsonspence.com

00224439

Page **14** of **15**

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing *Answer and Defensive Pleadings of Defendant Phoebe Putney Health System, Inc., Phoebe Putney Health Ventures, Inc., Phoebe Putney Memorial Hospital, Inc., and Phoebe Physician Group, Inc.,* upon all counsel of record by depositing same into the United States Mail in an envelope with adequate postage affixed thereon and addressed as follows:

Tracey L. Dellacona
Dellacona Law Firm
6055 Lakeside Commons Drive, Suite 420
Macon, GA 31210

Katherine L. McArthur
The McArthur Law Firm
6055 Lakeside Commons Drive, Suite 400
Macon, GA 31210

This 17th day of May, 2017.

WATSON SPENCE LLP
*Attorneys for Defendants Phoebe Putney
Health System, Inc., Phoebe Putney Health
Ventures, Inc., Phoebe Putney Memorial
Hospital, Inc., and Phoebe Physician
Group, Inc.*

Charles K. Wainright, II

00224439

❦ EFILED IN OFFICE
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA

**STSV2017000080**
VSD
**JUN 09, 2017 11:39 AM**

Evonne S. Mull, Clerk
Dougherty County, Georgia

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY THOMAS, III, individually and as parents of DARIUS M. THOMAS, deceased and CANDACE J. THOMAS and DUDLEY THOMAS, III, as administrators of the Estate of DARIUS M. THOMAS,

SCV   Plaintiffs

Vs.

PHOEBE PUTNEY HEALTH SYSTEM, INC., PHOEBE PUTNEY HEALTH VENTURES, INC., PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., PHOEBE PHYSICIAN GROUP, INC., ALBANY AREA PRIMARY HEALTH CARE, INC., and CHERYL G. TOLLIVER, M.D.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.: 17 SCV 80

## ANSWER OF DEFENDANTS ALBANY AREA PRIMARY HEALTH CARE, INC. AND CHERYL G. TOLLIVER, M.D.

COME NOW Albany Area Primary Health care, Inc. (AAPHC) and Cheryl G. Tolliver, M.D., two of the above named Defendants, and file their Answer to Plaintiffs Complaint, respectfully showing the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against these Defendants upon which relief may be granted.

### SECOND DEFENSE

At all times relevant hereto, Defendant Dr. Tolliver exercised that degree of care and skill which would be exercised by members of the medical profession generally

1

under the same or similar circumstances, and thus, Plaintiffs' Complaint should be denied.

## THIRD DEFENSE

Defendant Dr. Tolliver is not guilty of professional negligence, and thus, Plaintiffs' Complaint should be denied.

## FOURTH DEFENSE

Defendant Dr. Tolliver shows the Court that she did not commit medical malpractice, and thus, Plaintiffs' Complaint should be denied.

## FIFTH DEFENSE

Defendant Dr. Tolliver shows that no act or omission on her part was the proximate cause of any injury to Darius Thomas, and thus, Plaintiffs' Complaint should be denied.

## SIXTH DEFENSE

Inasmuch as Defendant Dr. Tolliver was not negligent in any manner whatsoever, she is not liable to Plaintiffs in any amount whatsoever.

## SEVENTH DEFENSE

Plaintiffs' Complaint fails to comply with O.C.G.A. § 9-11-9.1, and thus, Plaintiffs' Complaint should be dismissed.

## EIGHTH DEFENSE

Defendants raise the statute of limitations as a defense in the event that subsequent discovery in this case makes said defense applicable.

## NINTH DEFENSE

Venue as to Defendant Dr. Tolliver is improper. In further response, Defendant Dr. Tolliver is a resident of Lowndes County, Georgia.

2

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

## TENTH DEFENSE

At all times relevant hereto, Defendant AAPHC, through its agents and employees, exercised that degree of care and skill as would be exercised by members of the medical profession generally under the same or similar circumstances, and thus, Plaintiffs' Complaint should be denied.

## ELEVENTH DEFENSE

Inasmuch as Defendant AAPHC, through its agents and employees, was not negligent in any manner whatsoever, said Defendant is not liable to Plaintiff sin any amount whatsoever.

## TWELFTH DEFENSE

Defendant AAPHC shows the Court that no act or omission on the part of any of its agents or employees was the proximate cause of any injury to Darius Thomas, a minor child, and thus, Plaintiffs' Complaint should be denied.

## THIRTEENTH DEFENSE

In further plea and answer, these Defendants set forth those affirmative defenses specifically enumerated in O.C.G.A. § 9-11-8(c) in the event that subsequent discovery in this case makes applicable any of said defenses.

## FOURTEENTH DEFENSE

In further plea and answer, these Defendants set forth those affirmative defenses specifically enumerated in O.C.G.A. § 9-11-12(b) in the event that subsequent discovery in this case makes applicable any of said defenses.

## FIFTEENTH DEFENSE

In the event Defendant Dr. Tolliver is deemed to be acting within the scope of her employment in the Public Health Service as AAPHC is a federal funded healthcare

3

center pursuant to 42 USC § 233, these Defendants raise all defenses allowed under the Federal Tort Claims Act and show this Court would lack subject matter jurisdiction.

SIXTEENTH DEFENSE

In the event Defendant Dr. Tolliver is deemed to be acting within the scope of her employment in the Public Health Service as AAPHC is a federal funded healthcare center pursuant to 42 USC § 233, these Defendants raise all defenses related to any failure on the part of Plaintiffs to exhaust their administrative remedies.

SEVENTEENTH DEFENSE

In answer to the separately enumerated paragraphs of Plaintiffs' Complaint, these Defendants state as follows:

I. **PARTIES**

**PLAINTIFFS:**

1.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

**DEFENDANTS:**

3.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second grammatical sentences of paragraph 3.

4

4.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.

To the extent the allegations contained in the first and second grammatical sentences of paragraph 5 state or imply that Defendant Tolliver was employed by Phoebe Putney Health System, Inc., said allegations are denied.  These Defendants show that the allegations contained in the third grammatical sentence of paragraph 5 call for a legal conclusion to which no response is required.  To the extent a response is required said allegations are denied.  These Defendants show they are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 5.

6.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second grammatical sentences of paragraph 6.

7.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7

8.

To the extent the allegations contained in the first and second grammatical sentences of paragraph 8 state or imply that Defendant Tolliver was employed by Phoebe Putney Health Ventures, Inc., said allegations are denied.  These Defendants show that the allegations contained in the third grammatical sentence of paragraph 8

5

call for a legal conclusion to which no response is required. To the extent a response is required said allegations are denied. These Defendants show they are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, and third grammatical sentences of paragraph 9. In further response, to the extent the allegations contained in paragraph 9 state or imply Defendant Dr. Tolliver was employed by Phoebe Putney Memorial Hospital, Inc., said allegations are denied.

10.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second grammatical sentences of paragraph 10.

11.

To the extent the allegations contained in the first, second and third grammatical sentences of paragraph 11 state or imply Defendant Dr. Tolliver was employed by Phoebe Putney Memorial Hospital, Inc., said allegations are denied. These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first and second grammatical sentences of paragraph 11. The remaining allegations contained in the third grammatical sentence of paragraph 11 call for a legal conclusion to which no response is required. To the extent a response is required, said allegations are denied.

6

12.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, and third grammatical sentences of paragraph 13.

14.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first grammatical sentence of paragraph 15.  In further response to the first grammatical sentence of paragraph1, these Defendants expressly deny that Defendant Dr. Tolliver was employed by Phoebe Physicians Group.  The allegations contained in the second grammatical sentence of paragraph 15 are denied as pled.  The allegations contained in the third grammatical sentence of paragraph 15 call for a legal conclusion to which no response is required.  To the extent a response is required said allegations are denied.

16.

Admitted.

17.

In response to the allegations contained in paragraph 17, these Defendants show that Defendant Dr. Tolliver, while in the course and scope of employment with

7

AAPHC, provided competent and appropriate care to Darius Thomas.  All remaining allegations contained in paragraph 17 are denied.

18.

In response to the allegations contained in the first grammatical sentence contained in paragraph 18, these Defendants admit Defendant Dr. Tolliver was in the course and scope of her employment with AAPHC at all relevant times alleged in the Complaint.  The allegations contained in the second grammatical sentence of paragraph 18 call for a legal conclusion to which no response is required.  To the extent a response is required, said allegations are denied.

19.

In response to the allegations contained in the first grammatical sentence of paragraph 19, these Defendants admit Defendant Dr. Tolliver is a licensed, competent and skilled physician.  The allegations contained in the second grammatical sentence call for a legal conclusion to which no response is required.  To the extent a response is required, said allegations are denied.

20.

The allegations contained in paragraph 20 are generally admitted.

21.

In response to the allegations contained in the first grammatical sentence of paragraph 21, these Defendants admit that Defendant Dr. Tolliver was acting in the course and scope of her employment with AAPHC as an employee.  All remaining allegations contained in the first grammatical sentence of paragraph 21 are denied as pled.  The allegations contained in the second grammatical sentence of paragraph 21 are denied as pled.

8

22.

The allegations contained in paragraph 22 call for a legal conclusion to which no response is required.  To the extent a response is required, said allegations are denied.

23.

Denied.

## II.    FACTUAL ALLEGATIONS

24.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.

The allegations contained in paragraph 26 appear to have been taken from the medical records for Darius Thomas.  To the extent the allegations contained in paragraph 26 are inconsistent with the medical records and/or otherwise inconsistent with the medical history, condition, or treatment of Darius Thomas, said allegations are denied.

27.

The allegations contained in paragraph 27 appear to have been taken from the medical records for Darius Thomas.  To the extent the allegations contained in paragraph 27 are inconsistent with the medical records and/or otherwise inconsistent with the medical history, condition, or treatment of Darius Thomas, said allegations are denied.

9

28.

The allegations contained in paragraph 28 appear to have been taken from the medical records for Darius Thomas.   To the extent the allegations contained in paragraph 28 are inconsistent with the medical records and/or otherwise inconsistent with the medical history, condition, or treatment of Darius Thomas, said allegations are denied.

29.

The allegations contained in paragraph 29 appear to have been taken from the medical records for Darius Thomas.   To the extent the allegations contained in paragraph 29 are inconsistent with the medical records and/or otherwise inconsistent with the medical history, condition, or treatment of Darius Thomas, said allegations are denied.

30.

The allegations contained in paragraph 30 appear to have been taken from the medical records for Darius Thomas.   To the extent the allegations contained in paragraph 30 are inconsistent with the medical records and/or otherwise inconsistent with the medical history, condition, or treatment of Darius Thomas, said allegations are denied.

31.

The allegations contained in paragraph 31 appear to have been taken from the medical records for Darius Thomas.   To the extent the allegations contained in paragraph 31 are inconsistent with the medical records and/or otherwise inconsistent with the medical history, condition, or treatment of Darius Thomas, said allegations are denied.

32.

The allegations contained in paragraph 32 appear to have been taken from the medical records for Darius Thomas. To the extent the allegations contained in paragraph 32 are inconsistent with the medical records and/or otherwise inconsistent with the medical history, condition, or treatment of Darius Thomas, said allegations are denied.

33.

In response to the allegations contained in paragraph 33, these Defendants deny as pled the allegations contained in the first grammatical sentence of paragraph 33. The remaining allegations contained in paragraph 33 appear to have been taken from the medical records for Darius Thomas. To the extent the allegations contained in paragraph 33 are inconsistent with the medical records and/or otherwise inconsistent with the medical history, condition, or treatment of Darius Thomas, said allegations are denied.

34.

The allegations contained in paragraph 34 appear to have been taken from the medical records for Darius Thomas, although these Defendants generally deny as pled the timing allegations. To the extent the remaining allegations contained in paragraph 34 are inconsistent with the medical records and/or otherwise inconsistent with the medical history, condition, or treatment of Darius Thomas, said allegations are denied.

35.

The allegations contained in paragraph 35 appear to have been taken from the medical records for Darius Thomas. To the extent the allegations contained in paragraph 35 are inconsistent with the medical records and/or otherwise inconsistent

with the medical history, condition, or treatment of Darius Thomas, said allegations are denied.

36.

The allegations contained in paragraph 36 appear to have been taken from the medical records for Darius Thomas.  To the extent the allegations contained in paragraph 36 are inconsistent with the medical records and/or otherwise inconsistent with the medical history, condition, or treatment of Darius Thomas, said allegations are denied.

37.

The allegations contained in paragraph 37 appear to have been taken from the medical records for Darius Thomas.  To the extent the allegations contained in paragraph 37 are inconsistent with the medical records and/or otherwise inconsistent with the medical history, condition, or treatment of Darius Thomas, said allegations are denied.

38.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.

There is no paragraph 39.

40.

There is no paragraph 40.

41.

There is no paragraph 41.

42.

12

There is no paragraph 42.

43.

There is no paragraph 43.

44.

There is no paragraph 44.

45.

There is no paragraph 45.

46.

There is no paragraph 46.

47.

There is no paragraph 47.

## III.    CAUSATION AND NEGLIGENCE ALLEGATIONS.

48.

These Defendants hereby incorporate by reference their responses to Paragraphs 1 through 47 of Plaintiffs' Complaint as if fully set forth herein.

49.

Insofar as the allegations contained in paragraph 49 are directed to these Defendants they are denied.  These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49.

50.

Insofar as the allegations contained in paragraph 50 and subparagraph A are directed to these Defendants they are denied.  These Defendants show that they are

13

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 and subparagraphs B and C.

51.

In response to the first grammatical sentence of paragraph 51 these Defendants admit that the Affidavits of William Ferris Malcolm, M.D. and Staci Renee' Surls, R.N. are attached to Plaintiffs' Complaint. The remaining allegations contained in the first and second grammatical sentences of paragraph 51 call for a legal conclusion to which no response is required. To the extent a response is required, said allegations are denied.

IV.    DAMAGES

52.

These Defendants hereby incorporate by reference their responses to Paragraphs 1 through 51 of Plaintiffs' Complaint as if fully set forth herein.

53.

These Defendants show that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54.

The allegations contained in paragraph 54 call for a legal conclusion to which no response is required. To the extent a response is required, said allegations are denied.

55.

The allegations contained in paragraph 55 call for a legal conclusion to which no response is required. To the extent a response is required, said allegations are denied.

56.

The allegations contained in paragraph 56 are denied as pled.

14

57.

These Defendants deny Plaintiffs' are entitled to the relief set forth in their prayer for relief clause.

58.

Any and all allegations not heretofore denied, or for want of sufficient information neither admitted nor denied, are hereby denied.

This 9th day of June, 2017

Georgia Bar No.: 537760

Attorney for Defendants

CHAMBLESS, HIGDON RICHARDSON,
KATZ & GRIGGS, LLP
P.O. Box 18086
Macon, GA  31209-8086
(478) 745-1181
dnelson@chrkglaw.com

15

## CERTIFICATE OF SERVICE

This is to certify that I, David N. Nelson, attorney of record for Defendants Albany Area Primary Health Care, Inc. and Cheryl G. Tolliver, M.D. have, as of the date set forth below, served a copy of the within and foregoing pleading upon all counsel of record, by placing a copy of same in the United States mail, with adequate postage thereon to ensure proper delivery:

Tracey L. Dellacona, R.N., M.B.A.
Dellacona Law Firm
6055 Lakeside Commons Drive, Suite 420
Macon, Georgia 31210

Charles K. Wainright, Esq.
Watson Spence, LLP
Post Office Box 2008
Albany, Georgia 31702-2008

Katherine L. McArthur
The McArthur Law Firm
6055 Lakeside Commons Drive, Suite 400
Macon, Georgia 31210

This 9th day of June, 2017

_____
David N. Nelson

CHAMBLESS, HIGDON RICHARDSON,
KATZ & GRIGGS, LLP
P.O. Box 18086
Macon, GA 31209-8086
(478) 745-1181
dnelson@chrkglaw.com

16

EFILED IN OFFICE
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA

**STSV2017000080**
VSD

JUN 09, 2017 11:39 AM

Evonne S. Mull, Clerk
Dougherty County, Georgia

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY )
THOMAS, III, individually and as parents )
of DARIUS M. THOMAS, deceased and )
CANDACE J. THOMAS and DUDLEY )
THOMAS, III, as administrators of the )
Estate of DARIUS M. THOMAS, )
  )
     Plaintiffs, )     CIVIL ACTION NO.: 17 SCV 80
  )
     Vs. )
  )
  )
PHOEBE PUTNEY HEALTH SYSTEM, )
INC., PHOEBE PUTNEY HEALTH )
VENTURES, INC., PHOEBE PUTNEY )
MEMORIAL HOSPITAL, INC., PHOEBE )
PHYSICIAN GROUP, INC., ALBANY )
AREA PRIMARY HEALTH CARE, INC., )
and CHERYL G. TOLLIVER, M.D., )
  )
     Defendants. )
  )

## DEMAND FOR JURY TRIAL

     Defendants Albany Area Primary Health Care, Inc. and Cheryl G. Tolliver,

M.D. hereby request that this case be tried by a fair and impartial jury of twelve.

     Respectfully submitted, this 9th day of June, 2017.

                                David N. Nelson
                                Georgia Bar No.: 537760

                                Attorney for Defendants Albany Area
                                Primary Health Care, Inc. and Cheryl G.
                                Tolliver, M.D.

CHAMBLESS, HIGDON RICHARDSON,
KATZ & GRIGGS, LLP
P.O. Box 18086
Macon, GA 31209-8086
(478) 745-1181
dnelson@chrkglaw.com

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

## CERTIFICATE OF SERVICE

This is to certify that I, David N. Nelson, attorney of record for Defendants Albany Area Primary Health Care, Inc. and Cheryl G. Tolliver, M.D. have, as of the date set forth below, served a copy of the within and foregoing pleading upon all counsel of record, by placing a copy of same in the United States mail, with adequate postage thereon to ensure proper delivery:

Tracey L. Dellacona, R.N., M.B.A.
Dellacona Law Firm
6055 Lakeside Commons Drive, Suite 420
Macon, Georgia 31210

Charles K. Wainright, Esq.
Watson Spence, LLP
Post Office Box 2008
Albany, Georgia 31702-2008

Katherine L. McArthur
The McArthur Law Firm
6055 Lakeside Commons Drive, Suite 400
Macon, Georgia 31210

This 9th day of June, 2017.

_____
David N. Nelson

CHAMBLESS, HIGDON RICHARDSON,
KATZ & GRIGGS, LLP
P.O. Box 18086
Macon, GA 31209-8086
(478) 745-1181
dnelson@chrkglaw.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA

**STSV2017000080**
**VSD**

**JUN 09, 2017 11:39 AM**

Evonne S. Mull, Clerk
Dougherty County, Georgia

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CANDACE J. THOMAS and DUDLEY THOMAS, III, individually and as parents of DARIUS M. THOMAS, deceased and CANDACE J. THOMAS and DUDLEY THOMAS, III, as administrators of the Estate of DARIUS M. THOMAS, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| Vs. | ) ) ) |
| PHOEBE PUTNEY HEALTH SYSTEM, INC., PHOEBE PUTNEY HEALTH VENTURES, INC., PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., PHOEBE PHYSICIAN GROUP, INC., ALBANY AREA PRIMARY HEALTH CARE, INC., and CHERYL G. TOLLIVER, M.D., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO.: 17 SCV 80

## CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

COMES NOW Albany Area Primary Health Care, Inc., one of the Defendants in the above-captioned action, and pursuant to Rule 5.2 of the Uniform State Court Rules, and certifies that on this day they served upon all counsel of record copies of:

1. Defendants Albany Area Primary Health Care, Inc. First Interrogatories to Plaintiffs; and
2. Defendants Albany Area Primary Health Care, Inc. First Request for Production of Documents to Plaintiffs.

by mailing a copy of same with sufficient postage thereto addressed as follows:

Tracey L. Dellacona, R.N., M.B.A.
Dellacona Law Firm
6055 Lakeside Commons Drive, Suite 420
Macon, Georgia 31210

Charles K. Wainright, Esq.
Watson Spence, LLP
Post Office Box 2008
Albany, Georgia 31702-2008

Katherine L. McArthur
The McArthur Law Firm
6055 Lakeside Commons Drive, Suite 400
Macon, Georgia 31210

*Signature on following page*

Exhibit A to Notice of Removal
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

Respectfully submitted, this 9th day of June, 2017.

_____
David N. Nelson
Georgia Bar Number 537760

Attorney for Defendants Albany Area
Primary Health Care, Inc. and Cheryl G.
Tolliver, M.D.

CHAMBLESS, HIGDON, RICHARDSON,
KATZ & GRIGGS, LLP
P. O. Box 18086
Macon, GA 31209-8086
478-745-1181
dnelson@chrkglaw.com

## CERTIFICATE OF SERVICE

This is to certify that I, David N. Nelson, attorney of record for Defendants Albany Area Primary Health Care, Inc. and Cheryl G. Tolliver, M.D. have, as of the date set forth below, served a copy of the within and foregoing pleading upon all counsel of record, by placing a copy of same in the United States mail, with adequate postage thereon to ensure proper delivery:

Tracey L. Dellacona, R.N., M.B.A.
Dellacona Law Firm
6055 Lakeside Commons Drive, Suite 420
Macon, Georgia 31210

Charles K. Wainright, Esq.
Watson Spence, LLP
Post Office Box 2008
Albany, Georgia 31702-2008

Katherine L. McArthur
The McArthur Law Firm
6055 Lakeside Commons Drive, Suite 400
Macon, Georgia 31210

This 9th day of June, 2017.

David N. Nelson

CHAMBLESS, HIGDON RICHARDSON,
KATZ & GRIGGS, LLP
P.O. Box 18086
Macon, GA 31209-8086
(478) 745-1181
dnelson@chrkglaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA

**STSV2017000080**
VSD
**JUN 27, 2017 04:25 PM**

Evonne S. Mull, Clerk
Dougherty County, Georgia

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY )
THOMAS, III, individually and as parents )
of DARIUS M. THOMAS, deceased and )
CANDACE J. THOMAS and DUDLEY )
THOMAS, III, as administrators of the )
Estate of DARIUS M. THOMAS, )
)
    Plaintiffs, )
)     CIVIL ACTION NO.: 17 SCV 80
)
    v. )
)
PHOEBE PUTNEY HEALTH SYSTEM, )
INC., PHOEBE PUTNEY HEALTH )
VENTURES, INC., PHOEBE PUTNEY )
MEMORIAL HOSPITAL, INC., PHOEBE )
PHYSICIAN GROUP, INC., ALBANY )
AREA PRIMARY HEALTH CARE, INC., )
and CHERYL G. TOLLIVER, M.D., )
)
    Defendants. )
)

### <u>CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL</u>

COMES NOW Albany Area Primary Health Care, Inc., and Cheryl G. Tolliver,

M.D., two of the Defendants in the above-captioned action, and pursuant to Rule 5.2 of

the Uniform State Court Rules, and certifies that on this day they served upon all counsel

of record copies of:

    1.    Defendants' Request for Production of Documents to Non-Party Georgia
        Bureau of Investigation.

by mailing a copy of same with sufficient postage thereto addressed as follows:

Tracey L. Dellacona, R.N., M.B.A.        Charles K. Wainright
Dellacona Law Firm                    Watson Spence, LLP
6055 Lakeside Commons Drive, Suite 420  Post Office Box 2008
Macon, Georgia 31210              Albany, Georgia 31702-2008

Katherine L. McArthur
The McArthur Law Firm
6055 Lakeside Commons Drive, Suite 400
Macon, Georgia 31210

*Signature on following page*

Respectfully submitted, this 21 day of June, 2017.


_____
David N. Nelson
Georgia Bar Number 537760

*Attorney for Defendants Albany Area*
*Primary Health Care, Inc. and Cheryl G.*
*Tolliver, M.D.*


CHAMBLESS, HIGDON, RICHARDSON,
KATZ & GRIGGS, LLP
P. O. Box 18086
Macon, GA 31209-8086
478-745-1181
dnelson@chrkglaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA

**STSV2017000080**
VSD
**JUL 11, 2017 03:35 PM**

Evonne S. Mull, Clerk
Dougherty County, Georgia

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY )
THOMAS, III, individually and as parents )
of DARIUS M. THOMAS, deceased and )
CANDACE J. THOMAS and DUDLEY )
THOMAS, III, as administrators of the )
Estate of DARIUS M. THOMAS, )
)
     Plaintiffs, )    CIVIL ACTION NO.: 17 SCV 80
)
     Vs. )
)
PHOEBE PUTNEY HEALTH SYSTEM, )
INC., PHOEBE PUTNEY HEALTH )
VENTURES, INC., PHOEBE PUTNEY )
MEMORIAL HOSPITAL, INC., PHOEBE )
PHYSICIAN GROUP, INC., ALBANY )
AREA PRIMARY HEALTH CARE, INC., )
and CHERYL G. TOLLIVER, M.D., )
)
     Defendants. )
                      )

## CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

    COME NOW Albany Area Primary Health Care, Inc. and Cheryl G. Tolliver, M.D.,

Defendants in the above-captioned action, and pursuant to Rule 5.2 of the Uniform State Court

Rules, and certifies that on this day they served upon all counsel of record copies of:

1.   Defendants Albany Area Primary Health Care, Inc. and Cheryl G. Tolliver, M.D.
      Responses to Plaintiff's First Interrogatories; and
2.   Defendants Albany Area Primary Health Care, Inc. and Cheryl G. Tolliver, M.D.
      Responses to Plaintiff's First Request for Production of Documents.

by mailing a copy of same with sufficient postage thereto addressed as follows:

Traccy L. Dellacona, R.N., M.B.A.         Charles K. Wainright, Esq.
Dellacona Law Firm                  Watson Spence, LLP
6055 Lakeside Commons Drive, Suite 420   Post Office Box 2008
Macon, Georgia 31210               Albany, Georgia 31702-2008

Katherine L. McArthur
The McArthur Law Firm
6055 Lakeside Commons Drive, Suite 400
Macon, Georgia 31210

*Signature on following page*

Respectfully submitted, this 11th day of July, 2017.

_____
David N. Nelson
Georgia Bar Number 537760

Attorney for Defendants Albany Area
Primary Health Care, Inc. and Cheryl G.
Tolliver, M.D.

CHAMBLESS, HIGDON, RICHARDSON,
KATZ & GRIGGS, LLP
P. O. Box 18086
Macon, GA 31209-8086
478-745-1181
dnelson@chrkglaw.com

## CERTIFICATE OF SERVICE

This is to certify that I, David N. Nelson, attorney of record for Defendants Albany Area Primary Health Care, Inc. and Cheryl G. Tolliver, M.D. have, as of the date set forth below, served a copy of the within and foregoing pleading upon all counsel of record, by placing a copy of same in the United States mail, with adequate postage thereon to ensure proper delivery:

Tracey L. Dellacona, R.N., M.B.A.
Dellacona Law Firm
6055 Lakeside Commons Drive, Suite 420
Macon, Georgia 31210

Charles K. Wainright, Esq.
Watson Spence, LLP
Post Office Box 2008
Albany, Georgia 31702-2008

Katherine L. McArthur
The McArthur Law Firm
6055 Lakeside Commons Drive, Suite 400
Macon, Georgia 31210

This 11th day of July, 2017

David N. Nelson

CHAMBLESS, HIGDON RICHARDSON,
KATZ & GRIGGS, LLP
P.O. Box 18086
Macon, GA 31209-8086
(478) 745-1181
dnelson@chrkglaw.com

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

FILED
2017 JUL 17 AM 8:50
EVONNE S. MULL
DOUGHERTY COUNTY
CLERK OF COURTS

CANDACE J. THOMAS and DUDLEY
THOMAS, III, INDIVIDUALLY, and AS
PARENTS OF DARIUS M. THOMAS,
DECEASED and CANDACE J. THOMAS
and DUDLEY THOMAS, III, AS
ADMINISTRATORS OF THE ESTATE OF
DARIUS M. THOMAS

Plaintiffs,

vs.

PHOEBE PUTNEY HEALTH SYSTEM,
INC., PHOEBE PUTNEY HEALTH
VENTURES, INC., PHOEBE PUTNEY
MEMORIAL HOSPITAL, INC., PHOEBE
PHYSICIAN GROUP, INC., ALBANY
AREA PRIMARY HEALTH CARE, INC.,
AND CHERYL G. TOLLIVER, M.D.

Defendants.

CIVIL ACTION NO.

17SCV80

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

PLAINTIFFS' RESPONSE TO DEFENDANT ALBANY AREA PRIMARY HEALTH

CARE, INC'S FIRST INTERROGATORIES TO PLAINTIFFS and PLAINTIFFS'

RESPONSE TO DEFENDANT ALBANY AREA PRIMARY HEALTH CARE, INC'S

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS, upon all

clerks and counsel by depositing same via electronic mail and United States Mail with

sufficient postage thereon to assure delivery:

Mr. Charles K. Wainright
Watson Spence, LLP
320 W. Residence Avenue
Albany, GA 31701
CWainright@watsonspence.com

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

Mr. David N. Nelson
Chambless. Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 18086
Macon, GA  31209-8086
dnelson@chrkglaw.com

This 12Th day of July, 2017.

DELLACONA LAW FIRM
BY:

TRACEY L. DELLACONA, R.N., M.B.A.
Ga. Bar No. 217108

6055 Lakeside Commons Drive
Suite 420
Macon, GA 31210
(478) 477-9000

2

# IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY
THOMAS, III, INDIVIDUALLY, and AS
PARENTS OF DARIUS M. THOMAS,
DECEASED and CANDACE J. THOMAS
and DUDLEY THOMAS, III, AS
ADMINISTRATORS OF THE ESTATE OF
DARIUS M. THOMAS

    Plaintiffs,

       vs.

PHOEBE PUTNEY HEALTH SYSTEM,
INC., PHOEBE PUTNEY HEALTH
VENTURES, INC., PHOEBE PUTNEY
MEMORIAL HOSPITAL, INC., PHOEBE
PHYSICIAN GROUP, INC., ALBANY
AREA PRIMARY HEALTH CARE, INC.,
AND CHERYL G. TOLLIVER, M.D.

    Defendants.

CIVIL ACTION NO.

**17SCV80**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSE TO DEFENDANT ALBANY AREA

PRIMARY HEALTH CARE, INC.'S FIRST INTERROGATORIES TO PLAINTIFFS, upon

all clerks and counsel by depositing same via electronic mail and United States Mail with

sufficient postage thereon to assure delivery:

Mr. Charles K. Wainright
Watson Spence, LLP
320 W. Residence Avenue
Albany, GA 31701
CWainright@watsonspence.com

Mr. David N. Nelson
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 18086
Macon, GA 31209-8086
dnelson@chrkglaw.com

This _20th_ day of _July_, 2017.

DELLACONA LAW FIRM

BY: _____

TRACEY L. DELLACONA, R.N., M.B.A.
Ga. Bar No. 217108

6055 Lakeside Commons Drive
Suite 420
Macon, GA 31210
(478) 477-9000

2

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

**CANDACE J. THOMAS and DUDLEY THOMAS, III, INDIVIDUALLY, and AS PARENTS OF DARIUS M. THOMAS, DECEASED and CANDACE J. THOMAS and DUDLEY THOMAS, III, AS ADMINISTRATORS OF THE ESTATE OF DARIUS M. THOMAS**

Plaintiffs,

vs.

**PHOEBE PUTNEY HEALTH SYSTEM, INC., PHOEBE PUTNEY HEALTH VENTURES, INC., PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., PHOEBE PHYSICIAN GROUP, INC., ALBANY AREA PRIMARY HEALTH CARE, INC., AND CHERYL G. TOLLIVER, M.D.**

Defendants.

CIVIL ACTION NO.

**17SCV80**

FILED
2017 AUG -4 PM 3:23
EVONNE S. MULL
DOUGHERTY COUNTY
CLERK OF COURTS

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO

DEFENDANTS PHOEBE PUTNEY HEALTH SYSTEM, INC., PHOEBE PUTNEY

HEALTH VENTURES, INC., PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., AND

PHOEBE PHYSICIAN GROUP, INC. upon all clerks and counsel by depositing same via

electronic mail and United States Mail with sufficient postage thereon to assure delivery:

Mr. Charles K. Wainright
Watson Spence, LLP
320 W. Residence Avenue
Albany, GA 31701
CWainright@watsonspence.com

Mr. David N. Nelson
Chambless, Higdon, Richardson, Katz & Griggs, LLP

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

P.O. Box 18086
Macon, GA  31209-8086
dnelson@chrkglaw.com

This _____ day of _____, 2017.

DELLACONA LAW FIRM
BY:

_____
TRACEY L. DELLACONA, R.N., M.B.A.
Ga. Bar No. 217108

6055 Lakeside Commons Drive
Suite 420
Macon, GA 31210
(478) 477-9000

2

## IN THE STATE COURT OF DOUGHERTY COUNTY
### STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY THOMAS,
III, INDIVIDUALLY, and AS PARENTS OF
DARIUS M. THOMAS, DECEASED and CANDACE
J. THOMAS and DUDLEY THOMAS, III, AS
ADMINISTRATORS OF THE ESTATE OF DARIUS
M. THOMAS,

  Plaintiffs,

vs.

PHOEBE PUTNEY HEALTH SYSTEM, INC.,
PHOEBE PUTNEY HEALTH VENTURES, INC.,
PHOEBE PUTNEY MEMORIAL HOSPITAL, INC.,
PHOEBE PHYSICIAN GROUP, INC., ALBANY
AREA PRIMARY HEALTH CARE, INC. AND
CHERYL G. TOLLIVER, M.D.,

  Defendants.

CIVIL ACTION FILE
No.: 17-SCV-80

## RULE 5.2 CERTIFICATE OF DISCOVERY

  This is to certify that I have this day served a copy of the within and forgoing *Defendants' Phoebe Putney Health System, Inc., Phoebe Putney Health Ventures, Inc., Phoebe Putney Memorial Hospital, Inc., And Phoebe Physician Group, Inc. Responses and Objections to Plaintiffs' First Interrogatories and First Request for Production of Documents* upon counsel of record to this action by placing a copy of same in the United States Mail in an envelope with adequate postage affixed thereon to ensure delivery and addressed as follows:

Tracey L. Dellacona
Dellacona Law Firm
6055 Lakeside Commons Drive, Suite 420
Macon. GA 31210
*Attorney for Plaintiffs*

Katherine L. McArthur
The McArthur Law Firm
6055 Lakeside Commons Drive, Suite 400
Macon. GA 31210
*Attorney for Plaintiffs*

00229099

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

David N. Nelson
Chambless, Higdon, Richardson, Katz & Griggs, LLP
3920 Arkwright Road, Suite 405
Macon, GA 31210
*Attorney for Defendants Albany Area Primary Health Care, Inc. and*
*Cheryl G. Tolliver, M.D.*

This 9th day of October, 2017.

WATSON SPENCE LLP

*Attorneys for Defendants Phoebe Putney*
*Health System, Inc., Phoebe Putney Health*
*Ventures, Inc., Phoebe Putney Memorial*
*Hospital, Inc., and Phoebe Physician*
*Group, Inc.*

Charles K. Wainright, II
State Bar No. 730349
Post Office Box 2008
Albany, Georgia   31702-2008
(229) 436-1545 Telephone
(229) 436-6358 Facsimile
cwainright@watsonspence.com

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the following *Rule 5.2 Certificate of Discovery* upon counsel for all parties to this matter by depositing a true copy of same via U.S. mail, proper postage prepaid, addressed to counsel of record as follows:

Tracey L. Dellacona
Dellacona Law Firm
6055 Lakeside Commons Drive, Suite 420
Macon, GA 31210
*Attorney for Plaintiffs*

Katherine L. McArthur
The McArthur Law Firm
6055 Lakeside Commons Drive, Suite 400
Macon, GA 31210
*Attorney for Plaintiffs*

David N. Nelson
Chambless, Higdon, Richardson, Katz & Griggs, LLP
3920 Arkwright Road, Suite 405
Macon, GA 31210
*Attorney for Defendants Albany Area Primary Health Care, Inc. and
Cheryl G. Tolliver, M.D.*

This 9th day of October, 2017.

WATSON SPENCE LLP
*Attorneys for Defendants Phoebe Putney
Health System, Inc., Phoebe Putney Health
Ventures, Inc., Phoebe Putney Memorial
Hospital, Inc., and Phoebe Physician
Group, Inc.*

*CKW*

Charles K. Wainright, II

00229099

**Exhibit A to Notice of Removal
Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

**IN THE STATE COURT OF DOUHERTY COUNTY**
**STATE OF GEORGIA**



CANDACE J. THOMAS and DUDLEY THOMAS, III,   :
INDIVIDUALLY, and AS PARENTS OF DARIUS M.   :
THOMAS, DECEASED and CANDACE J. THOMAS and :
DUDLEY THOMAS, III, AS ADMINISTRATORS OF   :
THE ESTATE OF DARIUS M. THOMAS,   :
  :
     Plaintiffs,   :
  :     CIVIL ACTION FILE
vs.   :     No.: 17-SCV-80
  :
PHOEBE PUTNEY HEALTH SYSTEM, INC., PHOEBE :
PUTNEY HEALTH VENTURES, INC., PHOEBE   :
PUTNEY MEMORIAL HOSPITAL, INC., PHOEBE   :
PHYSICIAN GROUP, INC., ALBANY AREA PRIMARY :
HEALTH CARE, INC. AND CHERYL G. TOLLIVER,   :
M.D.,   :
  :
     Defendants.   :
  :
  :

## 5.2 CERTIFICATE OF DISCOVERY

This is to certify that I have this day served a copy of the within and forgoing

- *Defendants' Phoebe Putney Health System, Inc., Phoebe Putney Health Ventures, Inc., Phoebe Putney Memorial Hospital, Inc., and Phoebe Physician Group, Inc. First Interrogatories to Plaintiff, Candace J. Thomas*
- *Defendants' Phoebe Putney Health System, Inc., Phoebe Putney Health Ventures, Inc., Phoebe Putney Memorial Hospital, Inc., and Phoebe Physician Group, Inc. First Interrogatories to Plaintiff, Dudley Thomas III*
- *Defendants' Phoebe Putney Health System, Inc., Phoebe Putney Health Ventures, Inc., Phoebe Putney Memorial Hospital, Inc., and Phoebe Physician Group, Inc. First Request for Production of Documents to Plaintiff, Candace J. Thomas*
- *Defendants' Phoebe Putney Health System, Inc., Phoebe Putney Health Ventures, Inc., Phoebe Putney Memorial Hospital, Inc., and Phoebe Physician Group, Inc. First Request for Production of Documents to Plaintiff, Dudley Thomas III*

upon counsel of record to this action by placing a copy of same in the United States Mail in an envelope with adequate postage affixed thereon to ensure delivery and addressed as follows:

Tracey L. Dellacona               Katherine L. McArthur
Dellacona Law Firm               The McArthur Law Firm
6055 Lakeside Commons Drive, Suite 420     6055 Lakeside Commons Drive, Suite 400
Macon, GA 31210                 Macon, GA 31210

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

This 2nd day of November, 2017.

WATSON SPENCE LLP
*Attorney for Defendants Phoebe Putney*
*Health System, Inc., Phoebe Putney Health*
*Ventures, Inc., Phoebe Putney Memorial*
*Hospital, Inc., and Phoebe Physician Group,*
*Inc.*

By:

Charles K. Wainright, II
State Bar No. 730349
Post Office Box 2008
Albany, Georgia   31702-2008
(229) 436-1545 Telephone
(229) 436-6358 Facsimile
cwainright@watsonspence.com

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY
THOMAS, III, INDIVIDUALLY, and AS
PARENTS OF DARIUS M. THOMAS,
DECEASED and CANDACE J. THOMAS
and DUDLEY THOMAS, III, AS
ADMINISTRATORS OF THE ESTATE OF
DARIUS M. THOMAS

Plaintiffs,

vs.

PHOEBE PUTNEY HEALTH SYSTEM,
INC., PHOEBE PUTNEY HEALTH
VENTURES, INC., PHOEBE PUTNEY
MEMORIAL HOSPITAL, INC., PHOEBE
PHYSICIAN GROUP, INC., ALBANY
AREA PRIMARY HEALTH CARE, INC.,
AND CHERYL G. TOLLIVER, M.D.

Defendants.

CIVIL ACTION NO.

**17SCV80**

## CONSENT ORDER EXTENDING DISCOVERY PERIOD

Counsel for parties consenting hereto, the Court finds as follows:

**1.**

This case was originally filed on April 12, 2017, and the last Answer in the case was filed by Defendants on or around June 9, 2017.

**2.**

The parties have proceeded with initial discovery, including interrogatories and requests for production of documents. The deposition of Defendant Cheryl G. Tolliver, M.D. has been completed.

**3.**

Counsel for the parties show the Court that further discovery needs to be conducted to prepare this case for trial, including additional discovery to parties and the taking of depositions

of the parties and certain depositions including expert witnesses for both sides. Counsel for all

parties agree that an additional six months should provide sufficient time to pursue the additional

discovery.

Accordingly, it is **ORDERED** that discovery is extended through and including June 6,

2018.

This _____ day of _____, 2017.


_____
HON. VICTORIA S. DARRISAW, JUDGE
STATE COURT OF DOUGHERTY COUNTY

2

*Order Prepared by:*

*TRACEY L. DELLACONA, R.N., M.B.A*
State Bar No.: 217708
DELLACONA LAW FIRM
6055 Lakeside Commons Drive, Suite 420
Macon, Georgia 31210
(478) 477-9000
(478) 477-9098 (Fax)

*KATHERINE L. MCARTHUR*
State Bar No.: 480730
THE MCARTHUR LAW FIRM
6055 Lakeside Commons Drive, Suite 400
Macon, Georgia 31210
(478) 238-6600
(478) 238-6607 (Fax)

*Consented to by:*

*CHARLES K. WAINRIGHT*
State Bar No.: 730349
WATSON SPENCE, LLP
320 W. Residence Avenue
Albany, GA 31701
229-436-1545
229-436-6358 (Fax)

*DAVID N. NELSON*
State Bar No.: 537760
CHAMBLESS, HIGDON, RICHARDSON, KATZ & GRIGGS, LLP
P.O. Box 18086
Macon, GA 31209-8086
(478) 952-2870
(478) 746-9479 (Fax)

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **CANDACE J. THOMAS and DUDLEY THOMAS, III, INDIVIDUALLY, and AS PARENTS OF DARIUS M. THOMAS, DECEASED and CANDACE J. THOMAS and DUDLEY THOMAS, III, AS ADMINISTRATORS OF THE ESTATE OF DARIUS M. THOMAS** | |
| **Plaintiffs,** | **CIVIL ACTION NO.** |
| **vs.** | **17SCV80** |
| **PHOEBE PUTNEY HEALTH SYSTEM, INC., PHOEBE PUTNEY HEALTH VENTURES, INC., PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., PHOEBE PHYSICIAN GROUP, INC., ALBANY AREA PRIMARY HEALTH CARE, INC., AND CHERYL G. TOLLIVER, M.D.** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing CONSENT

ORDER EXTENDING DISCOVERY PERIOD, upon all clerks and counsel by depositing same

via electronic mail and United States Mail with sufficient postage thereon to assure delivery:

Mr. Charles K. Wainright
Watson Spence, LLP
320 W. Residence Avenue
Albany, GA 31701
CWainright@watsonspence.com

Mr. David N. Nelson
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 18086
Macon, GA 31209-8086
dnelson@chrkglaw.com

This 15TH day of November 2017.

DELLACONA LAW FIRM
BY

_____
TRACEY L. DELLACONA, R.N., M.B.A.
Ga. Bar No. 217108

6055 Lakeside Commons Drive
Suite 420
Macon, GA 31210
(478) 477-9000

2

**IN THE STATE COURT OF DOUGHERTY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| CANDACE J. THOMAS and DUDLEY THOMAS, III, INDIVIDUALLY, and AS PARENTS OF DARIUS M. THOMAS, DECEASED and CANDACE J. THOMAS and DUDLEY THOMAS, III, AS ADMINISTRATORS OF THE ESTATE OF DARIUS M. THOMAS | |
| **Plaintiffs,** | **CIVIL ACTION NO.** |
| **vs.** | **17SCV80** |
| PHOEBE PUTNEY HEALTH SYSTEM, INC., PHOEBE PUTNEY HEALTH VENTURES, INC., PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., PHOEBE PHYSICIAN GROUP, INC., ALBANY AREA PRIMARY HEALTH CARE, INC., AND CHERYL G. TOLLIVER, M.D. | |
| **Defendants.** | |

## NOTICE OF LEAVE OF ABSENCE

COMES NOW, TRACEY L. DELLACONA, R.N., M.B.A., and respectfully notifies all Judges, Clerks of Court and Counsel of Record that she will be on Leave as follows pursuant to Georgia Uniform Court Rule 16:

1.  The period of leave during which time Tracey L. Dellacona will be out of the office and away from the practice of law are:

    • **Friday, December 22, 2017 through and including Tuesday, January 2, 2018 (Christmas holiday).**

2.  All affected judges and opposing counsel shall have ten days from the date of this Notice to object to it. If no objections are filed, then the leave shall be granted.

Respectfully submitted this _____ day of _____, 2017.

DELLACONA LAW FIRM
BY:

Tracey L. Dellacona, RN, MBA
(Georgia Bar No.: 217108)

6055 Lakeside Commons Drive
Suite 420
Macon, Georgia 31210
(478) 477-9000

2

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CANDACE J. THOMAS and DUDLEY THOMAS, III, INDIVIDUALLY, and AS PARENTS OF DARIUS M. THOMAS, DECEASED and CANDACE J. THOMAS and DUDLEY THOMAS, III, AS ADMINISTRATORS OF THE ESTATE OF DARIUS M. THOMAS | |
| *Plaintiffs,* | CIVIL ACTION NO. |
| **vs.** | <u>17SCV80</u> |
| PHOEBE PUTNEY HEALTH SYSTEM, INC., PHOEBE PUTNEY HEALTH VENTURES, INC., PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., PHOEBE PHYSICIAN GROUP, INC., ALBANY AREA PRIMARY HEALTH CARE, INC., AND CHERYL G. TOLLIVER, M.D. | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing TRACEY L. DELLACONA, ESQ.'S NOTICE OF LEAVE OF ABSENCE, upon all clerks and counsel by electronic mail and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Mr. Charles K. Wainright
Watson Spence, LLP
320 W. Residence Avenue
Albany, GA 31701
CWainright@watsonspence.com

Mr. David N. Nelson
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 18086
Macon, GA 31209-8086
dnelson@chrkglaw.com

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

This _____ day of _____ , 2017.

Respectfully submitted,

Attorney for Plaintiff

DELLACONA LAW FIRM
BY:

Tracey L. Dellacona, R.N., M.B.A
Georgia Bar No.: 217108

6055 Lakeside Commons Drive
Suite 420
Macon, Georgia 31210
(478) 477-9000

2

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY
THOMAS, III, INDIVIDUALLY, and AS
PARENTS OF DARIUS M. THOMAS,
DECEASED and CANDACE J. THOMAS
and DUDLEY THOMAS, III, AS
ADMINISTRATORS OF THE ESTATE OF
DARIUS M. THOMAS

Plaintiffs,

vs.

PHOEBE PUTNEY HEALTH SYSTEM,
INC., PHOEBE PUTNEY HEALTH
VENTURES, INC., PHOEBE PUTNEY
MEMORIAL HOSPITAL, INC., PHOEBE
PHYSICIAN GROUP, INC., ALBANY
AREA PRIMARY HEALTH CARE, INC.,
AND CHERYL G. TOLLIVER, M.D.

Defendants.

CIVIL ACTION NO.

__17SCV80__

## CONSENT ORDER EXTENDING DISCOVERY PERIOD

Counsel for parties consenting hereto, the Court finds as follows:

**1.**

This case was originally filed on April 12, 2017, and the last Answer in the case was filed by Defendants on or around June 9, 2017.

**2.**

The parties have proceeded with initial discovery, including interrogatories and requests for production of documents.  The deposition of Defendant Cheryl G. Tolliver, M.D. has been completed.

**3.**

Counsel for the parties show the Court that further discovery needs to be conducted to prepare this case for trial, including additional discovery to parties and the taking of depositions

of the parties and certain depositions including expert witnesses for both sides. Counsel for all parties agree that an additional six months should provide sufficient time to pursue the additional discovery.

Accordingly, it is **ORDERED** that discovery is extended through and including June 6, 2018.

This ___29___ day of ___November___, 2017.


_Victoria S. Darrisaw_
_____
HON. VICTORIA S. DARRISAW, JUDGE
STATE COURT OF DOUGHERTY COUNTY

*Order Prepared by:*

TRACEY L. DELLACONA, R.N., M.B.A
State Bar No.: 21708
DELLACONA LAW FIRM
6055 Lakeside Commons Drive, Suite 420
Macon, Georgia 31210
(478) 477-9000
(478) 477-9098 (Fax)

KATHERINE L. MCARTHUR
State Bar No.: 480730
THE MCARTHUR LAW FIRM
6055 Lakeside Commons Drive, Suite 400
Macon, Georgia 31210
(478) 238-6600
(478) 238-6607 (Fax)

*Consented to by:*

CHARLES K. WAINRIGHT
State Bar No.: 730349
WATSON SPENCE, LLP
320 W. Residence Avenue
Albany, GA 31701
229-436-1545
229-436-6358 (Fax)

DAVID N. NELSON
State Bar No.: 537760
CHAMBLESS, HIGDON, RICHARDSON, KATZ & GRIGGS, LLP
P.O. Box 18086
Macon, GA  31209-8086
(478) 952-2870
(478) 746-9479 (Fax)

## **Certificate of Service**

I hereby certify that I have this day served a true copy of the foregoing CONSENT ORDER

EXTENDING DISCOVERY PERIOD to all parties listed below by depositing the same in the

U.S. Mail with sufficient postage to:

*TRACEY L. DELLACONA, ESQ.*
*DELLACONA LAW FIRM*
*6055 LAKESIDE COMMONS DRIVE, SUITE 420*
*MACON, GEORGIA 31210*

*KATHERINE L. MCARTHUR, ESQ.*
*THE MCARTHUR LAW FIRM*
*6055 LAKESIDE COMMONS DRIVE SUITE 400*
*MACON, GEORGIA  31210*

*CHARLES K. WAINRIGHT, ESQ.*
*WATSON SPENCE, LLP*
*320 W. RESIDENCE AVENUE*
*ALBANY, GEORGIA  31701*

*DAVID N. NELSON, ESQ.*
*CHAMBLESS, HIGDON, RICHARDSON, KATZ, & GRIGGS, LLP*
*POST OFFICE BOX 18086*
*MACON, GEORGIA  31209-8086*

This 29th day of November, 2017

Rhonda Moree
Civil Case Coordinator
Dougherty County State Court

## IN THE STATE COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY
THOMAS, III, INDIVIDUALLY, and AS
PARENTS OF DARIUS M. THOMAS,
DECEASED and CANDACE J. THOMAS
and DUDLEY THOMAS, III, AS
ADMINISTRATORS OF THE ESTATE OF
DARIUS M. THOMAS

Plaintiffs,

vs.

PHOEBE PUTNEY HEALTH SYSTEM,
INC., PHOEBE PUTNEY HEALTH
VENTURES, INC., PHOEBE PUTNEY
MEMORIAL HOSPITAL, INC., PHOEBE
PHYSICIAN GROUP, INC., ALBANY
AREA PRIMARY HEALTH CARE, INC.,
AND CHERYL G. TOLLIVER, M.D.

Defendants.

CIVIL ACTION NO.

17SCV80

*FILED*
*2017 NOV 29  PH 2:27*
*EVONNE S. MULL*
*DOUGHERTY COUNTY*
*CLERK OF COURTS*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing CONSENT

ORDER EXTENDING DISCOVERY PERIOD, upon all clerks and counsel by depositing same

via electronic mail and United States Mail with sufficient postage thereon to assure delivery:

Mr. Charles K. Wainright
Watson Spence, LLP
320 W. Residence Avenue
Albany, GA 31701
CWainright@watsonspence.com

Mr. David N. Nelson
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 18086
Macon, GA  31209-8086
dnelson@chrkglaw.com

This 15TH day of NOVEMBER 2017.

DELLACONA LAW FIRM
BY

_____
TRACEY L. DELLACONA, R.N., M.B.A.
Ga. Bar No. 217108

6055 Lakeside Commons Drive
Suite 420
Macon, GA 31210
(478) 477-9000

2



# WATSON SPENCE LLP

## ATTORNEYS AT LAW

*FILED*
*2017 DEC 12 AM 10: 10*
*EVONNE S. MUL*
*DOUGHERTY COU*
*CLERK OF CO*
*S*

*cwainright@watsonspence.com*
*229-317-5761 Direct Dial*

December 7, 2017

*(Via Facsimile to: 229-431-3282)*
Honorable Victoria Darrisaw
Judge, State Court of Dougherty County
Post Office Box 1827
Albany, Georgia 31702-1827

    **Re:**    ***Candace J. Thomas, et al. v. Phoebe Putney Health System, Inc., et al.***
          **State Court of Dougherty County**
          **17-SCV-80**

Dear Judge Darrisaw:

    As you are aware, this firm represents the interests of Defendants Phoebe Putney Memorial Hospital, Phoebe Putney Health Ventures, Inc., Phoebe Putney Health System, Inc., and Phoebe Physician Group, Inc. in the above-captioned action. I am in receipt of your Honor's Calendar Call Notice for January 3, 2018.

    At this time, discovery is ongoing and the case is not ready for trial. As such, I respectfully request that this matter be removed from the upcoming trial term and that this written announcement be accepted in lieu of my personal appearance at the Court's Calendar Call.

    Should you have any questions or concerns upon receipt and review of this correspondence, please do not hesitate to contact me. As always, I will comply with any and all instructions from the Court.

    With best regards, I am

                    Sincerely,

                    WATSON SPENCE LLP

                    Charles K. Wainright

CKW/hml
cc:    Tracey L. Dellacona *(via facsimile to 478-477-9098)*
       Katherine L. McArthur *(via facsimile to 478-238-6607)*

Exhibit A to Notice of Removal
Candace J. Thomas, et al vs Phoebe Putney Health System, et al.

# TRACEY L. DELLACONA, R.N., M.B.A.
## Attorney at Law

6055 Lakeside Commons Drive
Suite 420
Macon, Georgia 31210
(478) 477-9000
Fax: (478) 477-9098
tdellacona@dellaconalaw.com



December 8, 2017

Hon. Victoria S. Darrisaw
Dougherty State Court
P.O. Box 1827
Albany, GA 31702

RE:   **Candace J. Thomas and Dudley Thomas, III, et. al. vs. Phoebe
Putney Health System, Inc. et. al.**
**Dougherty County State Court**
**17SCV80**

Dear Judge Darrisaw:

As plaintiff's counsel, we respectfully request that the parties in the above-referenced matter be excused from attending the January 3, 2018 calendar call and that we be taken off the February 12, 2018 trial calendar. Earlier motions concerning proper parties delayed discovery. The parties are scheduling remaining party depositions and obtaining additional written discovery. This is a complex medical malpractice case and discovery is ongoing and this case is not ready for trial.

Please let me know if I need to provide the Court with any additional information.  We appreciate your consideration.

With best regards, I remain

Very truly yours,

Tracey L. Dellacona

TLD/vlw
pc:   Ms. Katherine L. McArthur *(via e-mail only)*
Mr. Charles K. Wainright *(via e-mail only)*
Mr. David N. Nelson *(via e-mail only)*

FILED
2017 DEC 26 PH 1:52
EVONNE S. MULL
DOUGHERTY COUNTY
CLERK OF COURTS

## IN THE STATE COURT OF DOUGHERTY COUNTY
### STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY
THOMAS, III, INDIVIDUALLY, and AS
PARENTS OF DARIUS M. THOMAS,
DECEASED and CANDACE J. THOMAS
and DUDLEY THOMAS, III, AS
ADMINISTRATORS OF THE ESTATE OF
DARIUS M. THOMAS

Plaintiffs,

vs.

PHOEBE PUTNEY HEALTH SYSTEM,
INC., PHOEBE PUTNEY HEALTH
VENTURES, INC., PHOEBE PUTNEY
MEMORIAL HOSPITAL, INC., PHOEBE
PHYSICIAN GROUP, INC., ALBANY
AREA PRIMARY HEALTH CARE, INC.,
AND CHERYL G. TOLLIVER, M.D.

Defendants.

CIVIL ACTION NO.

**17SCV80**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

PLAINTIFF CANDACE J. THOMAS' AND DUDLEY THOMAS, III'S RESPONSES TO

DEFENDANTS PHOEBE PUTNEY HEALTH SYSTEM, INC., PHOEBE PUTNEY

MEMORIAL HOSPITAL, INC., AND PHOEBE PHYSICIAN GROUP, INC.'S FIRST

INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS upon all

clerks and counsel by electronic mail and by depositing a true copy of same in the U.S. Mail,

proper postage prepaid, addressed to counsel of record as follows:

Mr. Charles K. Wainright
Watson Spence, LLP
320 W. Residence Avenue
Albany, GA 31701
CWainright@watsonspence.com

Exhibit A to Notice of Removal
Candace J. Thomas, et al vs Phoebe Putney Health System, et al.

Mr. David N. Nelson
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 18086
Macon, GA  31209-8086
dnelson@chrglaw.com

This ___ day of _____, 2017.

Respectfully submitted,

Attorney for Plaintiff

DELLACONA LAW FIRM
BY:

_____
Tracey L. Dellacona, R.N., M.B.A
Georgia Bar No.: 217108

6055 Lakeside Commons Drive
Suite 420
Macon, Georgia 31210
(478) 477-9000

2

**CHAMBLESS HIGDON RICHARDSON KATZ & GRIGGS LLP**

ATTORNEYS AT LAW   www.chrkglaw.com

Thomas F. Richardson *
Mary Mendel Katz
Emmitte H. Griggs
Jon C. Wolfe
Brown W. Dennis, Jr.
David N. Nelson
Norman C. Pearson III
Frances L. Clay
Jason D. Lewis
Christi Horne James
J. Travis Hall
Elizabeth L. Ford
Wesley E. Childs
Christina M. Curreli
L. Taylor Hamrick
Chris E. Miranda

*Admitted in GA & NC*
*All others admitted in GA*

Atlanta Office
Midtown Promenade II
1230 Peachtree St., N.E.
Suite 1900
Atlanta, GA 30309

3920 Arkwright Road • Suite 405 • P.O. Box 18086 • Macon, GA • 31209-8086
Telephone (478) 745-1181 • Facsimile (478) 746-9479

January 2, 2018

REPLY TO MACON
dnelson@chrkglaw.com

**VIA U.S. MAIL AND FACSIMILE: 229-431-3282**
Honorable Victoria S. Darrisaw
State Court of Dougherty County
Post Office Box 1827
Albany, Georgia 31702

Re:   *Candace J. Thomas, et al v. Phoebe Putney Health Systems, Inc. et al*
        Civil Action No.: 17 SCV 80
        State Court of Dougherty County

Dear Judge Darrisaw:

The above captioned matter appears on Your Honor's calendar that is to be called on January 3, 2018. I apologize in response for not meeting the deadline that was set forth in Your Honor's notice of this calendar.

I am writing to respectfully request that this matter be continued for the term as discovery is actively ongoing and has been extended through June 6, 2018. The deposition of Dr. Tolliver has been completed and the parties are presently setting depositions of nurses. Accordingly, this matter is not yet ready for trial and I would respectfully request the Court allow this matter to be continued for the term.

Please accept this letter in lieu of my personal appearance at the calendar call on January 3, 2018.

Very truly yours,

David N. Nelson

DNN/sls/45957
cc:   Charles K. Wainright, Esq.
        Tracey L. Dellacona, R.N., M.B.A.

From:                                                                          01/02/2018 13:36        #361 P.002/002

Thomas F. Richardson *
Mary Mendel Katz
Emmitte H. Griggs
Jon C. Wolfe
Brown W. Dennis, Jr.
David N. Nelson
Norman C. Pearson III
Frances L. Clay
Jason D. Lewis
Christi Horne James
J. Travis Hall
Elizabeth L. Ford
Wesley E. Childs
Christina M. Curreli
L. Taylor Hamrick
Chris E. Miranda

*Admitted in GA & NC
 All others admitted in GA

## CHAMBLESS HIGDON RICHARDSON KATZ GRIGGS LLP
### A T T O R N E Y S   A T   L A W

www.chrkglaw.com

Atlanta Office
Midtown Promenade II
1230 Peachtree St., N.E.
Suite 1900
Atlanta, GA  30309

3920 Arkwright Road • Suite 405 • P.O. Box 18086 • Macon, GA • 31209-8086
Telephone (478) 745-1181 • Facsimile (478) 746-9479

January 2, 2018

REPLY TO MACON
dnelson@chrkglaw.com

**VIA U.S. MAIL AND FACSIMILE: 229-431-3282**
Honorable Victoria S. Darrisaw
State Court of Dougherty County
Post Office Box 1827
Albany, Georgia 31702

Re:   *Candace J. Thomas, et al v. Phoebe Putney Health Systems, Inc., et al*
      Civil Action No.: 17 SCV 80
      State Court of Dougherty County

Dear Judge Darrisaw:

The above captioned matter appears on Your Honor's calendar that is to be called on January 3, 2018. I apologize in response for not meeting the deadline that was set forth in Your Honor's notice of this calendar.

I am writing to respectfully request that this matter be continued for the term as discovery is actively ongoing and has been extended through June 6, 2018. The deposition of Dr. Tolliver has been completed and the parties are presently setting depositions of nurses. Accordingly, this matter is not yet ready for trial and I would respectfully request the Court allow this matter to be continued for the term.

Please accept this letter in lieu of my personal appearance at the calendar call on January 3, 2018.

Very truly yours,

David N. Nelson

DNN/sls/45957
cc:   Charles K. Wainright, Esq.
      Tracey L. Dellacona, R.N., M.B.A.

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY
THOMAS, III, INDIVIDUALLY, and AS
PARENTS OF DARIUS M. THOMAS,
DECEASED and CANDACE J. THOMAS
and DUDLEY THOMAS, III, AS
ADMINISTRATORS OF THE ESTATE
OF DARIUS M. THOMAS

Plaintiffs,

vs.

PHOEBE PUTNEY HEALTH SYSTEM,
INC., PHOEBE PUTNEY HEALTH
VENTURES, INC., PHOEBE PUTNEY
MEMORIAL HOSPITAL, INC., PHOEBE
PHYSICIAN GROUP, INC., ALBANY
AREA PRIMARY HEALTH CARE, INC.,
AND CHERYL G. TOLLIVER, M.D.

Defendants.

CIVIL ACTION NO.

<u>17SCV80</u>

---

## AMENDED NOTICE TO DEPOSE/NOTICE TO PRODUCE

TO:   Regina Barron, R.N.
c/o Mr. Charles K. Wainright
Watson Spence LLP
Post Office Box 2008
Albany, Georgia 31702-2008

**PLEASE TAKE NOTICE THAT on Monday, January 22, 2018, beginning at 10:00**

**a.m., at Watson Spence LLP, 320 Residence Avenue, Albany, Georgia 31701,** counsel for the

Plaintiffs will proceed to take the videotaped deposition of **Regina Barron, R.N.** upon oral

examination by stenographic means and SAID DEPOSITION will be recorded by video and

audio means, with a written record thereof, before a court reporter, a notary public, or other

person authorized by law to administer oaths.  The deposition will be taken for purposes of

discovery, cross-examination of an employee/agent of an adverse party, and for all other

purposes permitted under the Georgia Civil Practice Act.  The deposition will continue from time to time and day to day until completion.

Regina Barron, R.N. is required by this Notice to be present for the taking of this deposition for the purpose of cross-examination, discovery, and any other purpose allowed under the Georgia Civil Practice Act, and to bring to said deposition the following documents, objects, and things: See attached Schedule "A".

This 16th day of January 2018.

Respectfully submitted,

Attorneys for Plaintiffs
DELLACONA LAW FIRM
By:

Tracey L. Dellacona, R.N., M.B.A
Georgia Bar No.: 217108

6055 Lakeside Commons Drive
Suite 420
Macon, Georgia 31210
(478) 477-9000

THE MCARTHUR LAW FIRM
BY:

Katherine L. McArthur
Georgia Bar No.: 480730

6055 Lakeside Commons Drive
Suite 400
Macon, Georgia  31210
(478) 238-6600

2

## SCHEDULE "A"

## General Instructions and Definitions

1.

For purposes of the Notice, the meaning of the term "document(s)" includes every object or device by, in or on which information may be possibly recorded, including files, file contents, correspondence, bulletins, memoranda, notes, recordings, tape recordings, agreements, publications, or facsimiles and non-identical copies of the foregoing.

2.

For purposes of this Notice, the terms "relating to" includes the meanings: "concerns", "discusses", "describes", "contains", "alludes to", "memorializes", and/or "is relevant to".

3.

If any documents requested herein have been lost, discarded, or destroyed, they shall be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing disposal, and person disposing of the document.

4.

"You" or "your" means the natural person or organization, or other entity to whom this request is directed as well as:

(a)     agents, employees, or other persons acting or who have acted on behalf of such natural person, corporation, or entity;

(b)     all corporations of which such natural person, corporation, or entity is an owner, officer, director, or controlling person;

(c)     all partnerships in which such natural person, corporation, or entity is a partner;

3

(d)     all trusts of which such natural person, corporation, or entity is a trustee or beneficiary; and

(e)     all business organizations and arrangement of such natural person, corporation, or entity over which such natural person, corporation, or entity exercises any type of control.

5.

If any document is withheld under a claim of privilege, identify for each document or part thereof for which a privilege is claimed: the subject matter of the document; the privilege claimed, the author, date, and title of the document, and each addressee or recipient of the document.

**<u>DOCUMENTS TO BE PRODUCED</u>**

**Regina Barron, R.N. it is requested that you bring to the deposition any and all printed out/hard copies of documents from any CD or digital file you received along with the following documents and other tangible items for inspection, copying, and/or use during the deposition:**

1.     Your complete file regarding this matter except for those documents which constitute attorney work product;

2.     Any and all medical records, x-ray films, slides, or hospital charts you have in your possession pertaining to this matter;

3.     Any and all documents that refer to, evidence or reflect any information you used to prepare for your deposition in this case other than attorney work product, including but not limited to, any and all medical literature reviewed;

4.     Any and all correspondence between you and any other person that refers to, evidences, or reflects the matter in any way except for correspondence with your attorney or

4

insurance company;

5.     Any and all notes, in any form (including computerized), that you have generated or upon which you relied that refer to, reflect, or evidence the matter;

6.     Any and all summaries, chronologies, or other compilations that refer to, evidence or reflect this matter that you have generated, upon which you relied, or that you have used to prepare for this deposition or in reference to this case (other than information prepared by your attorney);

7.     A list of any and all textbooks, articles, books, journals, learned treatises, guidelines, standards, policies, procedures, and any other authorities upon which you relied to formulate or support your medical care in this matter;

8.     A copy of your current Curriculum Vitae;

9.     A copy of any document, medical treatise, internet search, or journal article you reviewed or relied upon in preparing to give deposition testimony in this matter;

10.    A copy of all documents provided to you concerning Darius Thomas at your request or the request of your attorney or any agent, employee or representative of your attorney; and,

11.    A copy of all letters, e-mails, memorandums, notes or other documents sent to you by anyone other than your attorney, or any agent, employee or representative of your attorney, pertaining to Darius Thomas, the lawsuit filed on behalf of Darius Thomas, or giving deposition testimony in this matter.

**\* Please note: Your failure to bring to the deposition the above-requested information and documents in your possession and/or available to you may result in cancellation of your deposition and Plaintiffs seeking costs and fees.**

5

### IN THE STATE COURT OF DOUGHERTY COUNTY
### STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY
THOMAS, III, INDIVIDUALLY, and AS
PARENTS OF DARIUS M. THOMAS,
DECEASED and CANDACE J. THOMAS
and DUDLEY THOMAS, III, AS
ADMINISTRATORS OF THE ESTATE OF
DARIUS M. THOMAS

Plaintiffs,

vs.

PHOEBE PUTNEY HEALTH SYSTEM,
INC., PHOEBE PUTNEY HEALTH
VENTURES, INC., PHOEBE PUTNEY
MEMORIAL HOSPITAL, INC., PHOEBE
PHYSICIAN GROUP, INC., ALBANY
AREA PRIMARY HEALTH CARE, INC.,
AND CHERYL G. TOLLIVER, M.D.

Defendants.

CIVIL ACTION NO.

17SCV80

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

PLAINTIFFS' NOTICE TO DEPOSE/NOTICE TO PRODUCE TO REGINA BARRON,

R.N. upon all clerks and counsel by depositing same via electronic mail and United States

Mail with sufficient postage thereon to assure delivery:

Mr. Charles K. Wainright
Watson Spence, LLP
320 W. Residence Avenue
Albany, GA 31701
CWainright@watsonspence.com

Mr. David N. Nelson
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 18086
Macon, GA 31209-8086
dnelson@chrkglaw.com

This 16th day of January 2018.

DELLACONA LAW FIRM
BY:

_____
TRACEY L. DELLACONA, R.N., M.B.A.
Ga. Bar No. 217108

6055 Lakeside Commons Drive
Suite 420
Macon, GA 31210
(478) 477-9000

2

IN THE STATE COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY
THOMAS, III, INDIVIDUALLY, and AS
PARENTS OF DARIUS M. THOMAS,
DECEASED and CANDACE J. THOMAS
and DUDLEY THOMAS, III, AS
ADMINISTRATORS OF THE ESTATE OF
DARIUS M. THOMAS

Plaintiffs,

vs.

PHOEBE PUTNEY HEALTH SYSTEM,
INC., PHOEBE PUTNEY HEALTH
VENTURES, INC., PHOEBE PUTNEY
MEMORIAL HOSPITAL, INC., PHOEBE
PHYSICIAN GROUP, INC., ALBANY
AREA PRIMARY HEALTH CARE, INC.,
AND CHERYL G. TOLLIVER, M.D.

Defendants.

CIVIL ACTION NO.

__17SCV80__

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

PLAINTIFFS' THIRD-PARTY REQUESTS FOR PRODUCTION OF DOCUMENTS TO

DOUGHERTY COUNTY DISTRICT ATTORNEY, CHILD FATALITY REVIEW UNIT,

AND ALBANY POLICE DEPARTMENT upon all clerks and counsel by depositing same

via electronic mail and United States Mail with sufficient postage thereon to assure delivery:

Mr. Charles K. Wainright
Watson Spence, LLP
320 W. Residence Avenue
Albany, GA 31701
CWainright@watsonspence.com

Mr. David N. Nelson
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 18086
Macon, GA  31209-8086
dnelson@chrkglaw.com

This 23rd day of January 2018.

DELLACONA LAW FIRM
BY:

_____
TRACEY L. DELLACONA, R.N., M.B.A.
Ga. Bar No. 217108

6055 Lakeside Commons Drive
Suite 420
Macon, GA 31210
(478) 477-9000

2



# WATSON/SPENCE LLP
## ATTORNEYS AT LAW

cwainright@watsonspence.com
229-317-5761 Direct Dial

February 12, 2018

**(Via Facsimile to: 229-431-3282)**
Honorable Victoria Darrisaw
Judge, State Court of Dougherty County
Post Office Box 1827
Albany, Georgia 31702-1827

FILED
2018 FEB 14 AM 9:53
EVONNE S. MULL
DOUGHERTY COUNTY
CLERK OF COURTS

Re:   ***Candace J. Thomas, et al. v. Phoebe Putney Health System, Inc., et al.***
      **State Court of Dougherty County**
      **17-SCV-80**

Dear Judge Darrisaw:

As you are aware, this firm represents the interests of Defendants Phoebe Putney Memorial Hospital, Phoebe Putney Health Ventures, Inc., Phoebe Putney Health System, Inc., and Phoebe Physician Group, Inc. in the above-captioned action. I am in receipt of your Honor's Calendar Call Notice for March 1, 2018.

At this time, discovery is ongoing and the case is not ready for trial. As such, I respectfully request that this matter be removed from the upcoming trial term and that this written announcement be accepted in lieu of my personal appearance at the Court's Calendar Call.

Should you have any questions or concerns upon receipt and review of this correspondence, please do not hesitate to contact me. As always, I will comply with any and all instructions from the Court.

With best regards, I am

Sincerely,

WATSON SPENCE LLP

Charles K. Wainright

CKW/hml
cc:   Tracey L. Dellacona (*via facsimile to 478-477-9098*)
      Katherine L. McArthur (*via facsimile to 478-238-6607*)

320 Residence Avenue ◾ P. O. Box 2008 ◾ Albany, Georgia 31702-2008 ◾ 229.436.1545 ◾ Fax 229.436.6358
E-mail: ws@watsonspence.com ◾ Web: www.watsonspence.com

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

# TRACEY L. DELLACONA, R.N., M.B.A.
## Attorney at Law

6055 Lakeside Commons Drive
Suite 420
Macon, Georgia 31210
(478) 477-9000
Fax: (478) 477-9098
tdellacona@dellaconalaw.com



February 7, 2018

Hon. Victoria S. Darrisaw
Dougherty State Court
P.O. Box 1827
Albany, GA 31702

RE:    **Candace J. Thomas and Dudley Thomas, III, et. al. vs. Phoebe
         Putney Health System, Inc. et. al.**
         **Dougherty County State Court**
         **17SCV80**

Dear Judge Darrisaw:

As plaintiff's counsel, we respectfully request that the parties in the above-referenced matter be excused from attending the March 1, 2018 calendar call and that we be taken off the April 9, 2018 trial calendar. The parties are scheduling remaining party depositions and obtaining additional written discovery. This is a complex medical malpractice case and discovery is ongoing and this case is not ready for trial.

Please let me know if I need to provide the Court with any additional information. We appreciate your consideration.

With best regards, I remain

Very truly yours,

Tracey L. Dellacona

TLD/vlw
pc:    Ms. Katherine L. McArthur *(via e-mail only)*
       Mr. Charles K. Wainright *(via e-mail only)*
       Mr. David N. Nelson *(via e-mail only)*

Thomas F. Richardson *
Mary Mendel Katz
Emmitte H. Griggs
Jon C. Wolfe
Brown W. Dennis, Jr.
David N. Nelson
Norman C. Pearson III
Frances L. Clay
Jason D. Lewis
Christi Horne James
J. Travis Hall
Elizabeth L. Ford
Wesley E. Childs
Christina M. Curreli
L. Taylor Hamrick
Chris E. Miranda

*Admitted in GA & NC
 All others admitted in GA

# CHAMBLESS HIGDON RICHARDSON KATZ GRIGGS LLP
## ATTORNEYS AT LAW
www.chrkglaw.com

3920 Arkwright Road • Suite 405 • P.O. Box 18086 • Macon, GA • 31209-8086
Telephone (478) 745-1181 • Facsimile (478) 746-9479

Atlanta Office
Midtown Promenade II
1230 Peachtree St., N.E.
Suite 1900
Atlanta, GA 30309

February 26, 2018

REPLY TO MACON
dnelson@chrkglaw.com

**VIA U.S. MAIL AND FACSIMILE: 229-431-3282**
Honorable Victoria S. Darrisaw
State Court of Dougherty County
Post Office Box 1827
Albany, Georgia 31702

FILED
2018 FEB 27 PM 3:00
EVONNE S. MULL
DOUGHERTY COUNTY
CLERK OF COURTS

> Re:   *Candace J. Thomas, et al v. Phoebe Putney Health Systems, Inc. et al*
>        Civil Action No.: 17 SCV 80
>        State Court of Dougherty County

Dear Judge Darrisaw:

The above-captioned matter appears on Your Honor's upcoming trial calendar to be called on March 1, 2018. Your Honor has extended discovery in this matter and the parties are presently actively conducting depositions. This matter is not presently ready for trial and I am writing to respectfully request that it be continued for the term.

Please accept this letter in lieu of my personal appearance at the upcoming calendar.

Very truly yours,

David N. Nelson

DNN/sls/45957
cc:   Charles K. Wainright, Esq.
       Tracey L. Dellacona, R.N., M.B.A.
       Katherine L. McArthur, Esq.

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**



### IN THE STATE COURT OF DOUGHERTY COUNTY
### STATE OF GEORGIA

CANDACE J. THOMAS and DUDLEY
THOMAS, III, INDIVIDUALLY, and AS
PARENTS OF DARIUS M. THOMAS,
DECEASED and CANDACE J. THOMAS
and DUDLEY THOMAS, III, AS
ADMINISTRATORS OF THE ESTATE OF
DARIUS M. THOMAS

    **Plaintiffs,**

      **vs.**

PHOEBE PUTNEY HEALTH SYSTEM,
INC., PHOEBE PUTNEY HEALTH
VENTURES, INC., PHOEBE PUTNEY
MEMORIAL HOSPITAL, INC., PHOEBE
PHYSICIAN GROUP, INC., ALBANY
AREA PRIMARY HEALTH CARE, INC.,
AND CHERYL G. TOLLIVER, M.D.

    **Defendants.**

**CIVIL ACTION NO.**

**17SCV80**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing PLAINTIFF CANDACE J. THOMAS AND DUDLEY THOMAS, III'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS PHOEBE PUTNEY HEALTH SYSTEM, INC., PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., AND PHOEBE PHYSICIAN GROUP, INC.'S FIRST INTERROGATORIES TO INCLUDE VERIFICATION upon all clerks and counsel by electronic mail and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Mr. Charles K. Wainright
Watson Spence, LLP
320 W. Residence Avenue
Albany, GA 31701
CWainright@watsonspence.com

Mr. David N. Nelson
Chambless, Higdon, Richardson, Katz & Griggs, LLP
P.O. Box 18086
Macon, GA  31209-8086
dnelson@chrkglaw.com

This 27th day of February, 2018.

Respectfully submitted,

Attorney for Plaintiff

DELLACONA LAW FIRM
BY:

Tracey L. Dellacona, R.N., M.B.A
Georgia Bar No.: 217108

6055 Lakeside Commons Drive
Suite 420
Macon, Georgia 31210
(478) 477-9000

2

**⚡ EFILED IN OFFICE**
CLERK OF STATE COURT
DOUGHERTY COUNTY, GEORGIA

**STSV2017000080**
VSD
MAR 16, 2018 04:41 PM

Evonne S. Mull, Clerk
Dougherty County, Georgia

## **MEMORANDUM**

**TO:**        All Judges and Counsel of Record

**FROM:**    Katherine L. McArthur

**DATE:**    March 13, 2018

**RE:**        Notice of Leave of Absence

COMES NOW, **KATHERINE L. MCARTHUR,** and respectfully notifies all judges before whom she has cases pending, all affected clerks of court, and all opposing counsel, that she will be on leave pursuant to Georgia Uniform Court Rule 16.

1.        The period of leave during which time Applicant will be away from the practice of law or outside Bibb County and the State of Georgia during 2018 are as follows:  April 16 through 24 (ISOB Annual Meeting); July 2 through 10 (vacation); August 2 through 3 (seminar); November 19 through 27 (Thanksgiving holidays); December 19 through January 2 (Christmas holidays).

2.        Attached as Exhibit "A" is the civil action to be protected.

3.        All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

KATHERINE L. MCARTHUR

6055 Lakeside Commons Drive, Suite 400
Macon, GA 31210
(478) 238-6600
(478) 238-6607 [facsimile]

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**

## EXHIBIT A

| C. THOMAS V. PHOEBE PUTNEY HEALTH SYSTEM, ET AL.<br><br>17-SCV-80 | STATE COURT OF DOUGHERTY COUNTY<br>*E-FILE PEACHCOURT* | CHARLES K WAINRIGHT II<br>WATSON SPENCE<br>P O BOX 2008<br>ALBANY GA 31702-2008<br><br>DAVID N NELSON<br>CHAMBLESS HIGDON RICHARDSON KATZ & GRIGGS<br>P O BOX 18086<br>MACON GA 31209-8086<br><br>TRACEY L DELLACONA<br>DELLACONA LAW FIRM<br>6055 LAKESIDE CMNS DR STE 420<br>MACON GA 31210 |

## CERTIFICATE OF SERVICE

I certify that I have this day served a copy of the foregoing NOTICE OF LEAVE OF ABSENCE upon all counsel of record on the attached Exhibit "A" by:

☑ Electronic Mail / ☑ depositing a copy of said pleading in the United States Mail with sufficient postage affixed thereto to insure proper delivery to opposing counsel of record.

Dated this 13th day of March, 2018.

_____
KATHERINE L. MCARTHUR

To:     All Judges, Clerks of Court, and Counsel of Record

From:   Charles K. Wainright, II

Re:     Notice of Leave of Absence

## NOTICE OF LEAVE OF ABSENCE

Comes now Charles K. Wainright, II and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel and parties, by and through their counsel of record, if any, that he will be on leave from the practice of law during the dates below. Pursuant to Georgia Uniform Court Rule 16, all affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave of absence shall be granted.

The period of leave during which time Applicant will be away from the practice of law is from and including:

- April 12-16, 2018: the purpose of this leave is for vacation;

- May 24-June 1, 2018: the purpose of this leave is for vacation, and

- June 25-29, 2018; the purpose of this leave is for vacation.

This 6th day of April, 2018.

WATSON SPENCE LLP

C K W

Charles K. Wainright, II
State Bar Number: 730349
Post Office Box 2008
Albany, Georgia 31702-2008
(229) 436-1545 Telephone
(229) 436-6358 Facsimile
cwainright@watsonspence.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing Notice of Leave of Absence upon all judges, clerks and opposing counsel listed on the attached Exhibit "A" by depositing the same in the U. S. Mail with adequate postage affixed thereto.

This 6th day of April, 2018.

_____
Charles K. Wainright, II

## EXHIBIT "A"

Re:    *Faleshia C. Lathan v. Ayodele A. Ayedun, M.D., et al.*
       Superior Court of Charlton County
       Civil Action No.: 15V-010

       The Honorable Andrew C. Spivey
       Charlton County Superior Court
       800 Church Street, Suite 218
       Waycross, Georgia 31501

       Ms. Wendy Whitaker-Lee
       Charlton County Superior Court
       Post Office Box 760
       Folkston, Georgia 31537

       N. Daniel Lovein
       William S. Mann
       Hall Booth Smith, P.C.
       3528 Darien Highway, Suite 300
       Brunswick, GA 31525

       Thomas S. Edwards, Jr.
       Edwards & Ragatz, P.A.
       1965 Beachway Road, Bldg. 1300
       Jacksonville, FL 32207

3

## EXHIBIT "A"

RE:   ***Joan Finger v. Georgia Department of Corrections, et al.***
Pulaski County Superior Court
Civil Action File No: 2017V-15450

Peggy G. Fauscett, Clerk
Pulaski County Superior Court
Post Office Box 60
Hawkinsville, Georgia 31036

J. Jeffrey Helms
THE HELMS LAW FIRM, P.C.
Post Office Box 537
Homerville, Georgia 31634-0537

John G. Mabrey
THE MABREY FIRM, P.C.
5447 Roswell Road
Atlanta, Georgia 30342

David N. Nelson
Chambless, Higdon, Richardson,
Katz & Griggs LLP
3920 Arkwright Road, Suite 405
Macon, Georgia 31210

Ron Boyter
Loretta L. Pinkston-Pope
Attorney General's Office
40 Capitol Square, SW
Atlanta, Georgia 30334-1300

4

# EXHIBIT "A"

RE:     ***Donald Gene Vinson vs. Southland Emergency Medical Services, LLC, et al.***
        State Court of Thomas County
        Civil Action File No.:  15-CV-107

        The Honorable Mark E. Mitchell
        Thomas County State Court
        Post Office Box 1995
        Thomasville, Georgia 31799

        Randa D. Wharton, Clerk
        Thomas County State Court
        Post Office Box 1995
        Thomasville, Georgia 31792

        George R. Lilly, II
        Alexander & Vann, LLP
        411 Gordon Avenue
        Thomasville, Georgia 31792

        Gregory T. Talley
        Coleman Talley
        Post Office Box 5437
        Valdosta, Georgia 31603

        Christopher K. Rodd
        WHITEHURST, BLACKBURN & WARREN
        809 South Broad Street
        Thomasville, Georgia 31792

## EXHIBIT "A"

RE:   ***Larry Andrews b/n/f Vince Andrews vs. Sterling Medical Associates, Inc., Robert V. Glover, Jr., and Phoebe Putney Memorial Hospital, Inc.***
State Court of Fulton County
Civil Action No.: 15EV002283

The Honorable Eric Richardson
Judge, State Court of Fulton County
Justice Center Tower
185 Central Avenue, Suite T3755
Atlanta, Georgia 30303

Cathelene Robinson, Clerk
Fulton County State Court
136 Pryor Street, S.W., Room 106
Atlanta, Georgia 30303

Mark L. Stuckey
Meredith Parrish
Kaufman Law, P.C.
100 Galleria Parkway SE, Ste. 1100
Atlanta, GA  30339

W. Earl McCall
McCall Williams, LLC
P.O. Box 71747
Albany, GA 31708-1747

Howard W. Reese III
Daniel R. Crumby
Hall Booth Smith, P.C.
191 Peachtree Street NE, Ste. 2900
Atlanta, GA  30303

6

## EXHIBIT "A"

√RE:   ***Claude Wilson Geer, IV v. Phoebe Putney Health System, Inc.***
Dougherty County Superior Court
Civil Action File No: 18CV168-1

The Honorable Denise Marshall
Dougherty County Superior Court
Post Office Box 1827
Albany, Georgia 31702-1827

Ms. Evonne S. Mull, Clerk
Dougherty County Superior Court
Post Office Box 1827
Albany, Georgia 31702-1827

Kermit S. Dorough, Jr.
Kermit S. Dorough, Jr., LLC
Post Office Box 383
Albany, Georgia 31702

√RE:   ***James Lee Harper, Sr., et al. v. Phoebe Putney Memorial Hospital, Inc.***
Dougherty County State Court
Civil Action File No: 16SCV255

The Honorable Victoria S. Darrisaw
Judge, Dougherty State Court
Post Office Box 1827
Albany, Georgia 31702-1827

Ms. Evonne S. Mull, Clerk
Dougherty County Superior Court
Post Office Box 1827
Albany, Georgia 31702-1827

Katherine L. McArthur
The McArthur Law Firm
6055 Lakeside Commons Drive, Suite 400
Macon, GA 31210

√RE:   ***Asaad Morman, et al. v. Phoebe Putney Health System, Inc., et al.***
Dougherty County State Court
Civil Action File No: STSV2017000269

The Honorable Victoria S. Darrisaw
Dougherty County State Court

7

Post Office Box 1827
Albany, Georgia 31702-1827

Evonne Mull, Clerk
Dougherty County State Court
Post Office Box 1827
Albany, Georgia 31702-1827

Quinton S. Seay
Eugene Felton, Jr.
STEWART, SEAY & FELTON, LLC
260 Peachtree Street, NW, Suite 101
Atlanta, Georgia 30303

W. Earl McCall
McCall Williams, LLC
Post Office Box 71747
Albany, Georgia 31708-1747

RE:   *Jessica Powell v. Phoebe Putney Memorial Hospital, Inc., et al.*
Superior Court of Dougherty County
Civil Action File No.: 15CV404-2

The Honorable Denise Marshall
Dougherty County Superior Court
Post Office Box 1827
Albany, Georgia 31702-1827

Evonne Mull, Clerk
Dougherty County State Court
Post Office Box 1827
Albany, Georgia 31702-1827

Matthew E. Cook
Kate S. Cook
Cook Law Group, LLC
P.O. Box 2415
Gainesville, GA 30503

R. Shane Lazenby
Lazenby Law Group, LLC
P.O. Box 2875
Gainesville, GA 30503

W. Earl McCall
McCall Williams, LLC

8

P.O. Box 71747
Albany, GA 31708-1747

Gregory T. Talley, Esq.
A. A. "Beau" Howell, IV, Esq.
Coleman Talley, LLP
P.O. Box 5437
Valdosta, GA 31603-5437

Emmitte H. Griggs,
David N. Nelson
Chambless, Higdon, Richardson,
Katz & Griggs, LLP
P.O. Box 18086
Macon, Georgia 31209-8086

LaMar F. Jost
Joseph A. Farchione
Wheeler Trigg O'Donnell
370 17th Street, Suite4500
Denver, CO 80202

RE: ***Wells vs. Phoebe Putney Memorial Hospital, Inc., et. al.***
Superior Court of Dougherty County
Civil Action Number: 16CV164-1

The Honorable Denise Marshall
Dougherty County Superior Court
Post Office Box 1827
Albany, Georgia 31702-1827

Evonne Mull, Clerk
Dougherty County State Court
Post Office Box 1827
Albany, Georgia 31702-1827

Elizabeth Pelypenko
Pelypenko Law Firm, PC
56 Perimeter Center East, Suite 450
Atlanta, GA 30346

W. Earl McCall
McCall Williams, LLC
P.O. Box 71747
Albany, GA 31708-1747

9

Terrell W. Benton III
Dean Taylor Cleaveland
Hall Booth Smith PC
191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303

Joseph Pryor Durham Jr.
Lauren M. Holton
Lee Durham LLC
PO Box 607
Albany, GA 31702-0607

RE:   *Candace J. Thomas, et al. v. Phoebe Putney Health System, Inc., et al.*
      State Court of Dougherty County
      Civil Action File No.: 17-SCV-80

The Honorable Victoria S. Darrisaw
Dougherty County State Court
Post Office Box 1827
Albany, Georgia 31702-1827

Evonne Mull, Clerk
Dougherty County State Court
Post Office Box 1827
Albany, Georgia 31702-1827

Tracey L. Dellacona, R.N., M.B.A.
Dellacona Law Firm
6055 Lakeside Commons Drive, Suite 420
Macon, GA 31210

Katherine L. McArthur
The McArthur Law Firm
6055 Lakeside Commons Drive, Suite 400
Macon, GA 31210

David N. Nelson
Chambless, Higdon, Richardson, Katz & Griggs, LLP
3920 Arkwright Road, Suite 405
Macon, GA 31210

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**



**WATSON SPENCE** L.L.P.

**ATTORNEYS AT LAW**

*FILED*

2018 APR 16 AM cwainright@watsonspence.com
229-317-5761 *Direct Dial*

EYONNE S. HULL
DOUGHERTY COUNTY
CLERK OF COURTS

April 16, 2018

*(Via Facsimile to: 229-431-3282)*
Honorable Victoria Darrisaw
Judge, State Court of Dougherty County
Post Office Box 1827
Albany, Georgia 31702-1827

     Re:    ***Candace J. Thomas, et al. v. Phoebe Putney Health System, Inc., et al.***
         **State Court of Dougherty County**
         **17-SCV-80**

Dear Judge Darrisaw:

     As you are aware, this firm represents the interests of Defendants Phoebe Putney Memorial Hospital, Phoebe Putney Health Ventures, Inc., Phoebe Putney Health System, Inc., and Phoebe Physician Group, Inc. in the above-captioned action. I am in receipt of your Honor's Calendar Call Notice for May 2, 2018.

     At this time, discovery is ongoing and the case is not ready for trial. As such, I respectfully request that this matter be removed from the upcoming trial term and that this written announcement be accepted in lieu of my personal appearance at the Court's Calendar Call.

     Should you have any questions or concerns upon receipt and review of this correspondence, please do not hesitate to contact me. As always, I will comply with any and all instructions from the Court.

     With best regards, I am

            Sincerely,

            WATSON SPENCE LLP

            Charles K. Wainright

CKW/hml
cc:    Tracey L. Dellacona *(via facsimile to 478-477-9098)*
      Katherine L. McArthur *(via facsimile to 478-238-6607)*

**Exhibit A to Notice of Removal**
**Candace J. Thomas, et al vs Phoebe Putney Health System, et al.**



# TRACEY L. DELLACONA, R.N., M.B.A.
## Attorney at Law

6055 Lakeside Commons Drive
Suite 420
Macon, Georgia 31210
(478) 477-9000
Fax: (478) 477-9098
tdellacona@dellaconalaw.com

April 16, 2018

**Via Facsimile to: 229-431-3282**
Honorable Victoria Darrisaw
Judge, State Court of Dougherty County
Post Office Box 1827
Albany, Georgia 31702-1827

      RE:    **Candace J. Thomas and Dudley Thomas, III, et. al. vs. Phoebe Putney Health System, Inc. et. al.**
            **Dougherty County State Court**
            **17-SCV-80**

Dear Judge Darrisaw:

    My office is in receipt of the Announcement from Defendants' Attorney, Charles K. Wainright. I do not have any objections and agree to the above referenced case being removed from the upcoming trial term due to the need for ongoing discovery. Please accept this letter in lieu of my personal appearance at the Court's Calendar Call scheduled for May 2, 2018.

    Thank you for your assistance in this matter. Should you have any questions, please do not hesitate to call.

    With best regards, I remain

                          Very truly yours,

                          Tracey L. Dellacona

TLD/ank
Enclosure
pc:    Katherine McArthur, Esq. (via email)
       Charles K. Wainright, Esq. (via email)
       David N. Nelson, Esq. (via email)

**Exhibit A to Notice of Removal**
Candace J. Thomas, et al vs Phoebe Putney Health System, et al.